JOHN R. GIBSON, Circuit Judge.
Thomas Roger Little appeals from the sentence imposed after he pled guilty to concealing assets from a bankruptcy trustee in violation of 18 U.S.C. § 152 (1988). He argues that the district court[1] misapplied the sentencing guidelines by refusing to grant a two-point reduction for acceptance of responsibility, by enhancing the base offense level by two points for more than minimal planning, and by failing to consider that the trustee owed Little’s company a portion of the funds when the amount of loss attributable to Little’s conduct was calculated. We affirm the sentence imposed.
Little was the owner and president of Transport Audit Services, Inc. The trustee in bankruptcy for United Trucking Service, Inc. hired Transport Audit to audit United Trucking’s freight bills, to collect undercharged bills, and to send any money received to the trustee. The trustee agreed to return fifty percent of the collected amount to Transport Audit as a commission. The trustee ultimately discovered that Little had deposited $246,254.91 in Transport Audit’s accounts rather than sending it to the trustee. The government indicted Little for concealing assets from a bankruptcy trustee, 18 U.S.C. § 152, and Little pled guilty.
*1092 Both the government and the probation officer recommended that Little receive a two-point reduction for acceptance of responsibility. United States Sentencing Commission, Sentencing Guidelines, § 3E1.1 (Nov. 1991). The district court, however, rejected these recommendations and denied the reduction. United States v. Little, No. 4-91-150, slip op. at 2 (D.Minn. July 6, 1992).
The probation officer also recommended an increase of two levels for more than minimal planning. U.S.S.G. § 2F1.1(b)(2)(A). The district court granted the increase because Little had made repeated deposits over a period of time, and attempted to conceal the offense. Slip op. at 3.
Finally, the probation officer recommended that the amount of the loss under U.S.S.G. § 2F1.1(b)(1) be set at $123,000 (one-half of $246,000) because Little’s company was entitled to a fifty percent commission. The district court, however, found that the intended loss was more than $200,000, and therefore, the exact loss need not be determined. Slip op. at 7. At sentencing, the district court stated that it was clear that Little had wrongfully deposited checks well over $200,000, and did not disclose or advise the trustee that the money was being held subject to negotiations regarding Transfer Audit’s commission.
The district court imposed an eighteen month sentence and a five-year term of supervised release. Slip op. at 10. The court ordered that Little pay a fifty dollar special assessment and make restitution in the amount of $30,000. Id. at 11.
I.
Little argues that the district court erred in refusing to grant the two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. He states that he gave a voluntary statement to the FBI, pled guilty to the offense, did not hesitate in admitting his illegal conduct, recognized that what he had done was wrong, and accepted responsibility for his conduct. He points out that both the government and probation officer recommended the reduc-tion, and that there was no conduct inconsistent with acceptance of responsibility.
As Little recognizes, “[w]e will not disturb a district court’s decision to deny or grant a credit for acceptance of responsibility unless that decision is clearly erroneous — as with other findings of fact, the district court is in a unique position to evaluate a defendant’s acceptance of responsibility.” United States v. Furlow, 980 F.2d 476 (8th Cir.1992) (en banc), petition for cert. filed (Feb. 3, 1993) (No. 92-7503); see also U.S.S.G. § 3E1.1, comment, (n. 5).
At sentencing, Little told the court that he had not said anything bad about the trustee by asking for a set off in calculating the amount of loss, and that he was proud of his company and never “focused on stealing from anybody.” Little also attempted to explain that he’d had disputes with the trustee, that the company only “stored the checks,” and that he thought everything was settled in March, but then found out about other checks that had been deposited. The court stated that after carefully listening to the statement, it was clear that Little had not “accepted a sense of responsibility.” The court explained that Little’s dispute with the trustee, even if well-founded, was not a valid reason or excuse for committing a crime.
Pointing to Little’s claims that the bankruptcy trustee suffered no loss as a result of Little’s conduct, and that he was entitled to offset the amounts the trustee owed Transport Audit as commission, the court concluded that “[ajlthough the defendant admits to the act of concealment, his views and attitudes that his conduct was somehow justified precludes a two-level reduction for acceptance of responsibility.” Slip op. at 2. On this record, the district court did not err in finding that Little had not “clearly” accepted responsibility. U.S.S.G. § 3E1.1(a).
II.
Little argues that the district court erred in enhancing the base offense level by two points for more than minimal planning. *1093 U.S.S.G. § 2F1.1(b)(2)(A). He recognizes that the enhancement was based on his concealment of thirty-six checks between September 1987 and March 1988; his attempt to conceal receipt by omitting reference to them in letters to the trustee on March 21, March 28, and June 21, 1988; and his attempt to conceal receipt by failing to disclose a $97,692 check. Little, however, argues that the offense did not involve any particular planning, except for Transport Audit’s continuing practice of depositing the checks into the company accounts until they could be reconciled with the correct client and the bills they paid. He also argues that there was no repetition of an intentional criminal act, but merely a continuation of an established pattern.
Whether Little engaged in more than minimal planning is a factual question, and is reviewed only for clear error. United States v. Lublin, 981 F.2d 367, 370 (8th Cir.1992); see United States v. West, 942 F.2d 528, 531 (8th Cir.1991).
The guidelines provide that “[m]ore than minimal planning” is “deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune.” U.S.S.G. § 1B1.1, comment, (n. 1(f)). Little admitted that Transport Audit had the continuing practice of depositing the checks into company accounts. This concedes the point. In addition, the district court held that there were repeated acts over a period of time, and that Little took significant, affirmative steps to conceal the offense. Slip op. at 3. The district court did not err in so holding. See United States v. Hearrin, 892 F.2d 756, 759 (8th Cir.1990).
III.
Finally, Little argues that the district court misapplied the guidelines in calculating the amount of the loss attributable to illegal conduct. Specifically, Little claims that his company was entitled to half the amount of the checks as commission, and that the trustee still owed the company $36,000. He argues that even under United States v. Edgar, 971 F.2d 89, 93 (8th Cir.1992), he could not have intended a loss of more than half ($123,000) the amount at issue ($246,000).
“The amount of the loss is a factual question to be reviewed under the clearly erroneous standard.” West, 942 F.2d at 532.
Our recent opinion in United States v. Prendergast, 979 F.2d 1289 (8th Cir.1992), answers Little’s argument. In Prender-gast, the defendant was convicted of selling fraudulent promissory notes, totalling $280,000. Id. at 1290. Because Prender-gast repaid the investors approximately $110,000, he argued that at the time of sentencing the amount of loss was only $170,000. Id. at 1291. The district court agreed, but we reversed and remanded with instructions to recalculate the amount of the loss. Id. at 1291-92. We held that “[t]he focus for sentencing purposes under § 2F1.1 should be on the amount of possible loss the defendant attempted to inflict on the victim.” Id. at 1292. Furthermore, “the amount of loss used to increase the offense level under the fraud guideline ‘may be either the amount of loss the defendant intended to inflict or the actual loss resulting from the fraudulent conduct, whichever is greater.’ ” Id. (quoting United States v. Edgar, 971 F.2d at 93); see also U.S.S.G. § 2F1.1, comment, (n. 7).
Little’s claimed dispute with the trustee is therefore irrelevant to our inquiry. At sentencing, the court noted that Little wrongfully deposited over $200,000, and there was no evidence that this amount was ever disclosed to the trustee or “even being held hostage to negotiations as to fees or to contested amounts that were due” to Transport Audit. The district judge correctly identified the issue as the amount of probable or intended loss, and did not clearly err in concluding that the amount of loss exceeded $200,000. See Prendergast, 979 F.2d at 1292; see also United States v. Mills, 987 F.2d 1311, 1315-16 (8th Cir.1993).
We affirm the sentence imposed by the district court.

. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.