19 F.3d 1438
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Randall Kenneth SWENSON, Appellant.
 No. 93-4099.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 11, 1994.
Filed: March 25, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Randall Kenneth Swenson appeals the sentence imposed by the district court[1] after he pleaded guilty to making a false statement in connection with his application for a social security number. We affirm.
 
 
 2
 In July 1992, Swenson attempted to get a new social security number using his deceased brother's birth certificate. After he completed the application, he was told he would need a second form of identification before the application could be processed. Thus, Swenson went to a local bank and opened a savings account in his brother's name. He then returned to the social security office with his brother's birth certificate and a bank account card bearing his brother's name and attempted to obtain a social security number. The social security office refused to issue him a new card.
 
 
 3
 In June 1993, Swenson was charged with making a false statement in connection with an application for a social security number, in violation of 42 U.S.C. Sec. 408(a)(6). He pleaded guilty. The presentence report (PSR) indicated a base offense level of 6 and recommended a two-level increase pursuant to U.S.S.G. Sec. 2F1.1(b)(2) because the offense involved more than minimal planning, and a two-level reduction pursuant to U.S.S.G. Sec. 3E1.1(a) for acceptance of responsibility, resulting in a total offense level of 6. With a criminal history category of VI, the Guidelines range was 12 to 18 months. Swenson objected to the two-level enhancement. Noting that this presented a close question, the district court overruled Swenson's objection, recognized that the Guidelines range was 12 to 18 months, and sua sponte departed downward to sentence Swenson to 11 months imprisonment and two years supervised release. The court departed downward in the belief that the Bureau of Prisons would assign Swenson to a local facility for a sentence of less than a year, which would enable Swenson's son to visit him regularly. Swenson now argues that the district court erred by applying the two-level enhancement for more than minimal planning.
 
 
 4
 We reject the government's argument that the sentence is not reviewable. Although the 11-month sentence is within the Guidelines range suggested by Swenson, the record does not clearly show that the district court would have imposed the same sentence even if it had considered the alternative Guideline range. See United States v. Simpkins, 953 F.2d 443, 446 (8th Cir.) (record must show district court "selected a sentence it considered to be appropriate and legal regardless of the ultimate disposition of appellant's objection"), cert. denied, 112 S. Ct. 1988 (1992); United States v. ABC, Inc., 952 F.2d 155, 157-58 (8th Cir.) (sentencing within overlapping Guideline ranges is not reviewable if record clearly indicates district court would impose same sentence on remand), cert. denied, 112 S. Ct. 193 (1991).
 
 
 5
 On the merits, "[w]hether [Swenson] engaged in more than minimal planning is a factual question, and is reviewed only for clear error." United States v. Little, 990 F.2d 1090, 1093 (8th Cir. 1993). While we agree with the district court that this case presents a close question, we conclude that the district court's application of the more-than-minimal-planning enhancement was not clearly erroneous. See U.S.S.G. Sec. 1B1.1, comment. (n.1(f)).
 
 
 6
 Accordingly, the sentence imposed by the district court is affirmed.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota