**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Philip Henderson BELLEW,**
**Defendant–Appellant.**

**No. 93–6775.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 14, 1994.

---

**4.** The district court, evidently, was also unaware of any obstacle to settlement presented by the ordinance.

trict court increased Bellew's offense level pursuant to U.S.S.G. § 2F1.1(b)(3)(B), which requires a two level increase when the offense involved a violation of a judicial order, injunction, decree or process. The district court concluded that the increase was appropriate because Bellew had knowingly concealed assets during his bankruptcy proceedings and, therefore, had violated judicial orders applicable to all persons who initiate proceedings in bankruptcy. Bellew argues that the increase was inappropriate because he did not violate any *specific* judicial order or decree. We agree with the district court that Bellew's knowing concealment of assets during bankruptcy proceedings constitutes a violation of a judicial order within the meaning of U.S.S.G. § 2F1.1(b)(3)(B). Accordingly, we affirm.

## BACKGROUND

Bellew filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Alabama. During the course of the bankruptcy proceedings, Bellew concealed assets by knowingly failing to list the assets in bankruptcy filings and knowingly failing to disclose the assets during bankruptcy hearings. The total amount of monies concealed was $179,-664.00.

Bellew was charged with two counts of fraudulently concealing property in a bankruptcy proceeding, in violation of 18 U.S.C. § 152. He pled guilty to both counts pursuant to a plea agreement that required the government to recommend that he be sentenced at the low end of the guidelines range calculated by the sentencing court. The plea agreement left both parties free to argue their respective positions as to the calculation of the guidelines range.

At sentencing, the government took the position that Bellew's offense level should be increased by two pursuant to U.S.S.G. § 2F1.1(b)(3)(B), which requires such an increase when the offense involved "violation of any judicial or administrative order, injunction, decree or process...." The government argued that false statements made by Bellew in bankruptcy filings and at bankrupt-

W. Lloyd Copeland, Mobile, AL, for appellant.

Gregory A. Bordenkircher, Asst. U.S. Atty., Mobile, AL, for appellee.

Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and CLARK, Senior Circuit Judge.

PER CURIAM:

Defendant-appellant Philip Henderson Bellew appeals the sentence imposed by the district court following his plea of guilty to two counts of bankruptcy fraud, in violation of 18 U.S.C. § 152. In calculating the applicable sentencing guidelines range, the dis-

cy hearings constituted violations of a "judicial ... order, injunction, decree or process." Bellew objected, arguing that U.S.S.G. § 2F1.1(b)(3)(B) was applicable only when a defendant had violated a *specific* court order or directive, which he had not done. The district court agreed with the government, concluding:

> [T]he Court is going to find that the wording of the guideline on which this is based is broad enough to encompass the Defendant's behavior in this case. The guideline refers to violation of any judicial or administrative order, injunction or decree or process. The judicial orders that are applicable to all persons who enter proceedings in bankruptcy require them to answer these questions under oath and I believe that in effect is a violation of the order.[1]

The court sentenced Bellew to 21 months in prison and three years supervised release, and ordered him to make restitution in the amount of $179,664.00. Bellew appealed.

## DISCUSSION

Section 152 of Title 18 makes it a crime to knowingly and fraudulently conceal property or make false statements in a bankruptcy proceeding. Crimes of fraud and deceit, such as the offenses set out in 18 U.S.C. § 152, are covered by U.S.S.G. § 2F1.1. Subsection (b)(3)(B) of § 2F1.1 provides: "If the offense involved ... violation of any judicial or administrative order, injunction, decree or process, increase by 2 levels." Bellew argues that § 2F1.1(b)(3)(B) is applicable only if the defendant violates a *specific* court order or decree. Bellew points out that the government did not prove that his fraudulent concealment of assets was in violation of any specific court order or decree. Thus, he contends that the two level increase in his offense level pursuant to § 2F1.1(b)(3)(B) was erroneous.

The issue before us, then, is whether a defendant who fraudulently conceals assets in a bankruptcy proceeding in violation of the federal statutes and rules that govern such proceedings has violated a "judicial ... order, injunction, decree or process" within the meaning of § 2F1.1(b)(3)(B). We are aware of only one other federal circuit court that has addressed this issue. In *United States v. Lloyd*,[2] the Eighth Circuit rejected an argument virtually identical to that made by Bellew in this case. The Eighth Circuit said:

> Lloyd contends the district court erroneously adjusted his offense level under § 2F1.1(b)(3)(B). This section provides for a minimum two-level increase if the underlying offense involved the "violation of any judicial or administrative order, injunction, decree or process." Lloyd did not violate a specific judicial order, injunction, or decree; however, Lloyd did violate a judicial process by fraudulently concealing assets from the bankruptcy court officers. Lloyd sought protection from his creditors under the shelter of bankruptcy when he filed his Chapter 11 petition. Lloyd then abused the bankruptcy process and hindered the orderly administration of bankruptcy estate by concealing assets. Thus, the district court properly increased Lloyd's offense level under section 2F1.1(b)(3)(B).[3]

While we agree with the Eighth Circuit that § 2F1.1(b)(3)(B) is applicable when a defendant has been convicted of fraudulently concealing assets in a bankruptcy proceeding, we find it unnecessary to decide what the Sentencing Commission meant by the term "judicial process" as used in § 2F1.1(b)(3)(B). Rather, we find, as did the district court, that the concealment of assets in a bankruptcy proceeding amounts to a violation of a "judicial order" within the meaning of the guideline.

Bankruptcy proceedings are governed by the Bankruptcy Code[4] and by the Bankruptcy Rules and Official Forms, which were prescribed by the Supreme Court by order dated April 25, 1983, pursuant to the authority granted that Court by 28 U.S.C. § 2075.[5]

---

1. R2–4–5.

2. 947 F.2d 339 (8th Cir.1991).

3. *Id.* at 340.

4. 11 U.S.C. §§ 1 through 1330.

5. Supreme Court order dated April 25, 1983, reprinted at page XIII preceding Bankr.Rules, 11 U.S.C.A.

Bankruptcy Rule 9009 provides that the Official Forms "shall be observed and used" in all bankruptcy proceedings.[6] Form Number 1 is the petition that a debtor must file to initiate the proceedings. Pursuant to this form, the debtor is required to list all assets and liabilities and to sign the following declaration:

> I, [debtor], the petitioner named in the foregoing petition, declare under penalty of perjury that the foregoing is true and correct.[7]

Rule 1007 requires the debtor to file, among other things, a separate schedule of assets and liabilities, as prescribed by Form Number 6.[8] Form Number 6, like Form Number 1, requires the debtor to declare the truthfulness of the information therein "under penalty of perjury." [9] Finally, Rule 9011 provides, in pertinent part:

> The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case.[10]

Thus, the Bankruptcy Rules and Official Forms repeatedly mandate that a debtor disclose assets and liabilities and that these disclosures be truthful.

Black's Law Dictionary defines the word "order" as follows: "A mandate; precept; command or direction authoritatively given; rule or regulation." [11] The mandate of the Bankruptcy Rules and Official Forms that a debtor truthfully disclose assets and liabili-

ties falls within this definition. Moreover, the mandate is in the context of formal, adversary court proceedings, and Bellew necessarily knew that he was violating the mandate when he signed the declarations required by Form Numbers 1 and 6.[12] Accordingly, we conclude that, by fraudulently concealing assets in the bankruptcy proceedings, Bellew violated a "judicial order" within the meaning of U.S.S.G. § 2F1.1(b)(3)(B). The district court did not err in increasing his offense level by two pursuant to this guideline.

### CONCLUSION

For the reasons explained above, Bellew's sentence is AFFIRMED.

---

6. Bankr.Rule 9009, 11 U.S.C.A.

7. Official Bankr.Form 1, 11 U.S.C.A.

8. Bankr.Rule 1007(b), 11 U.S.C.A.

9. Official Bankr.Form 6, 11 U.S.C.A.

10. Bankr.Rule 9011(a), 11 U.S.C.A.

11. Black's Law Dictionary 1096 (6th ed. 1990).

12. *Compare United States v. Linville,* 10 F.3d 630 (9th Cir.1993) (mere letter or notice from administrative agency warning of violation, without benefit of a formal adversary proceeding, did not warrant application to 2F1.1(b)(3)(B)).