**UNITED STATES of America**

v.

**Michael D. and Andrea D. SHADDUCK.**

**No. 94–10017.**

United States District Court,
D. Massachusetts.

April 7, 1995.

George C. McMahon, Law Offices of George C. McMahon, North Quincy, MA, Daniel J. O'Connell, III, O'Connell & Pollenz, Boston, MA, and Martin Boudreau, North Quincy, MA, for defendants.

Mark J. Balthazard, U.S. Atty.'s Office, Boston, MA, for plaintiff.

LASKER, District Judge.

On January 19, 1994, Michael and Andrea Shadduck were indicted on charges of bankruptcy fraud. After a jury trial, Michael Shadduck was convicted of four counts of bankruptcy fraud in violation of 18 U.S.C. § 152, and Andrea Shadduck was convicted of one count of bankruptcy fraud in violation of the same provision.

The U.S. Sentencing Guidelines assign a "base offense level" of 6 to offenses involving bankruptcy fraud in violation of 18 U.S.C. § 152. U.S.S.G. § 2F1.1. The Guidelines further provide that specific offense charac-

teristics, if present, justify an increased offense level. Presentence reports submitted by the U.S. Probation Office suggest that, in light of their specific characteristics, the crimes committed by Michael and Andrea Shadduck have total offense levels of 18 and 12, respectively. The Shadducks object to various aspects of the presentence reports, each of which is discussed below. Furthermore, the government recommends, pursuant to U.S.S.G. § 3C1.1, an increase in Michael Shadduck's offense level for obstructing or impeding the administration of justice. Finally, Michael and Andrea Shadduck contend that circumstances justify a downward departure in each of their cases.

## I. OFFENSE–LEVEL CALCULATION

■ First, the Shadducks contend that the probation office inappropriately applied § 2F1.1(b)(3)(B) of the sentencing guidelines, which provides that a two-level increase must be imposed for offenses involving violation of any judicial or administrative order, injunction, decree, or process. They argue that § 2F1.1(b)(3)(B) is applicable only where a *specific* order is violated, and may not be invoked here solely because the fraud at issue is related to bankruptcy proceedings. The Shadducks cite *United States v. Linville*, 10 F.3d 630 (9th Cir.1993), to support their assertion that § 2F1.1(b)(3)(B) refers only to specific orders. The *Linville* Court held that a defendant who had received relatively informal letters from the Department of Agriculture informing her that her actions violated the law did not act in violation of "administrative proceedings" within the meaning of § 2F1.1(b)(3)(B), stating that "process must be construed to be a directive based upon the kind of formalities that undergird orders, injunctions, and decrees." *Id.* at 633.

The probation office, citing *United States v. Bellew*, 35 F.3d 518 (11th Cir.1994), responds that the knowing concealment of assets during bankruptcy proceedings constitutes a violation of a judicial order—if not judicial proceedings—within the meaning of the sentencing guidelines. In *Bellew*, the Court addressed precisely the issue at bar, holding that—in light of the fact that the Bankruptcy Rules and Official Forms re-

peatedly mandate that a debtor truthfully disclose assets—the fraudulent concealment of assets in a bankruptcy proceeding amounts to a violation of a "judicial order" within the meaning of the sentencing guidelines, even if no specific court order was violated. *Id.* at 520. The *Bellew* Court noted that, unlike the *Linville* letters, the Bankruptcy Court's truthful-disclosure mandate was made in the context of a formal, adversarial proceeding, and that, furthermore, signed declarations on Bellew's bankruptcy filings demonstrated that he violated the Court's order knowingly. *Id.* at 521.

I am persuaded by the reasons articulated by the *Bellew* Court that § 2F1.1(b)(3)(B) is applicable to the bankruptcy fraud offenses committed by Michael and Andrea Shadduck. It is worth noting that in *United States v. Lloyd*, 947 F.2d 339 (1991), the Eighth Circuit held that bankruptcy fraud amounts to a violation of a judicial process, not a judicial order, under § 2F1.1(b)(3)(B). As in *Bellew*, that issue need not be reached in the case at hand.

■ Second, both Shadducks contend that their offenses involved no "losses" within the meaning of U.S.S.G. § 2F1.1(b)(1), and that, therefore, increased offense levels under that section are inappropriate. It is true that because the Shadducks' bankruptcy filings were discovered to be inaccurate before their debts were discharged, no actual loss occurred. The guidelines, however, define loss as actual or *intended* loss, whichever is greater. U.S.S.G. § 2F1.1, Application Note 7; *United States v. Little*, 990 F.2d 1090, 1093 (8th Cir.1993). Since the Shadducks intentionally concealed assets from the Bankruptcy Court and their creditors, and the value of those assets is properly considered intended loss, the Shadducks' contention is without merit. *See United States v. Labovitz*, 50 F.3d 1 (1st Cir.1995); *United States v. Edgar*, 971 F.2d 89 (8th Cir.1992).

Because the Shadducks do not object to the specific loss calculations contained in the presentence reports, it is not necessary to recapitulate here the evidence, introduced at trial, that Michael and Andrea Shadduck attempted to conceal form the Bankruptcy Court assets with values of $246,280.93 and

$9,133.90, respectively. The presentence reports correctly note that the sentencing guidelines require an 8–level increase for Michael Shadduck's offense, and a two-level increase for Andrea Shadduck's offense. See U.S.S.G. § 2F1.1(b)(1)(C); § 2F1.1(b)(1)(I).

■ Third, Michael Shadduck contends that his offenses involved no scheme to defraud any victim, and that, therefore, an increase in offense level is not justified under U.S.S.G. § 2F1.1(b)(2), which provides for a two-level increase in cases involving a scheme to defraud more than one victim. Shadduck does not elaborate on the basis of his objection, which is without merit. Bankruptcy fraud harms not only the bankruptcy trustee, but the creditors named in the bankruptcy petition. *United States v. Nazifpour,* 944 F.2d 472 (9th Cir.1991). The Shadducks' petition names over 40 such creditors. Accordingly, the probation office properly calculated, pursuant to U.S.S.G. § 2F1.1(b)(2), a two-point increase in the offense levels of both Michael and Andrea Shadduck's crimes.

■ Fourth, Andrea Shadduck contends that she should be given the benefit of a four-level reduction in offense level pursuant to U.S.S.G. 3B1.2(a), which provides for such a reduction where the defendant's role in the offense was that of a "minimal participant". It is true that Mrs. Shadduck's conduct constituted a relatively small part of the misconduct associated with the Shadducks' bankruptcy filing. As the probation office appropriately notes, however, Andrea Shadduck was charged with—and convicted of—only that portion of the conduct with which she was actually involved. Because she fully participated in that part of the overall scheme with which she was charged, Mrs. Shadduck is not entitled to any reduction in offense-level under U.S.S.G. § 3B1.2(a).

■ Finally, the government asserts that, by perjuring himself at trial and lying to an agent of the FBI during the investigation of this case, Michael Shadduck subjected himself to a two-point offense-level increase pursuant to U.S.S.G. § 3C1.1, which provides for such an increase where the defendant wilfully obstructed or impeded the administration of justice. There are two reasons

why such an increase is unjustified in the case at hand: First, I am not persuaded that Shadduck's testimony was perjurious, particularly when viewed in a light most favorable to him, as required by Application Note 1 to § 3C1.1; second, although it is true that Shadduck admitted in court that he made materially false statements to an FBI agent investigating this case, the government has not demonstrated that his statements "significantly obstructed or impeded the official investigation or prosecution of the instant offense." Without a showing of any such effect, a defendant's false statement to a law enforcement officer is not grounds for an offense-level increase under U.S.S.G. § 3C1.1. Application Note 4(b); *United States v. Flores–Flores,* 5 F.3d 1365, 1368 (10th Cir, 1993).

In sum, the probation office properly applied each of the specific offense characteristics challenged by the Shadducks, and did not inappropriately fail to reduce Andrea Shadduck's offense level under U.S.S.G. § 3B1.2(a). Nor did the probation office mistakenly omit a two-level increase in Michael Shadduck's offense level for an obstruction of justice. The correct "total offense levels" of Michael and Andrea Shadduck's crimes are 18 and 12, respectively.

## II.  DEPARTURE

■ With regard to Andrea Shadduck only, I have concluded that a departure downward is warranted for the following reasons: First, the Mrs. Shadduck has serious medical problems. She is a diabetic who suffers as well from hypothyroidism, diabetic retinopathy, and, recently, hypertension, as indicated in the letter of Nadia Rodberg, M.D., to Whom it May Concern, dated February 3, 1995, as well as the letter of Peter Wymlan, M.D., of the Southboro Medical Group, in a letter dated February 7, 1995. Second, the absence of both the defendant and her husband from the family home would leave her two children, aged 14 and 18, with no family members in the immediate area able to provide care and a house for them. The Court's power to depart under these circumstances is evident from the First Cir-

**12**

cuit's decision in *United States v. Rivera,* 994 F.2d 942, 953–54 (1993).

The commentary to § 5K2.0 of the 1994 Sentencing Guidelines Manual states:

> The Commission does not foreclose the possibility of an extraordinary case that, because of a combination of such characteristics or circumstances, differs significantly from the "heartland" cases covered by the guidelines in a way that is important to the statutory purposes of sentencing, even though none of the characteristics or circumstances individually distinguishes the case. However, the Commission believes that such cases will be extremely rare.

U.S.S.G. § 5K2.0. Rare such cases may be, but I conclude that the case at hand is one such case.

No departure is warranted with respect to Michael Shadduck.