UNITED STATES of America,
Plaintiff–Appellee,

v.

Phillip Lynn LLOYD, Defendant–Appellant.

No. 91–1688EA.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1991.

Decided Oct. 18, 1991.

Rehearing and Rehearing En Banc
Denied Dec. 9, 1991.

**340**

Timothy Dudley, Little Rock, Ark., for defendant-appellant.

Kenneth Stoll, Asst. U.S. Atty., Little Rock, Ark., argued (Patrick Harris, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Phillip Lynn Lloyd appeals his bankruptcy fraud convictions and guidelines sentence. We affirm Lloyd's convictions, vacate his sentence, and remand to the district court for resentencing consistent with this opinion.

■ Lloyd contends the district court committed error by ruling in limine the prosecution could use an adverse civil fraud judgment to impeach Lloyd during cross-examination. The district court made clear, however, Lloyd's testimony would influence the court's ultimate ruling. According to Lloyd, the district court's ruling effectively prevented him from testifying. We need not review Lloyd's contention. By not testifying Lloyd failed to preserve this claim of error for appeal. *See Luce v. United States*, 469 U.S. 38, 41–43, 105 S.Ct. 460, 463–64, 83 L.Ed.2d 443 (1984); *United States v. Johnson*, 767 F.2d 1259, 1270 (8th Cir.1985).

Lloyd also contends the district court committed error in refusing to grant a mistrial after the prosecution asked unfounded questions during cross-examination of a defense witness. Having searched the record, we find no merit in Lloyd's contention.

■ Finally, Lloyd makes two attacks on the guidelines sentence the district court imposed. First, Lloyd contends the district court erroneously adjusted his offense level under U.S.S.G. § 2F1.1(b)(3)(B). This sec-tion provides for a minimum two-level increase if the underlying offense involved the "violation of any judicial or administrative order, injunction, decree or process." Lloyd did not violate a specific judicial order, injunction, or decree; however, Lloyd did violate a judicial process by fraudulently concealing assets from bankruptcy court officers. Lloyd sought protection from his creditors under the shelter of bankruptcy when he filed his Chapter 11 petition. Lloyd then abused the bankruptcy process and hindered the orderly administration of the bankruptcy estate by concealing assets. Thus, the district court properly increased Lloyd's offense level under section 2F1.1(b)(3)(B).

■ Lloyd also contends the district court erroneously enhanced his offense level for obstruction of justice under U.S.S.G. § 3C1.1. We agree. The district court enhanced Lloyd's sentence based on Lloyd's conduct in concealing assets from bankruptcy court officers and committing perjury during the bankruptcy proceedings. This conduct, however, is the basis for the criminal charges against Lloyd, and enhancement under section 3C1.1 is limited to obstructive conduct that occurs "during the investigation, prosecution, or sentencing of the [charged] offense," U.S.S.G. § 3C1.1. Section 3C1.1 does not apply to conduct that is part of the crime itself. *United States v. Werlinger*, 894 F.2d 1015, 1017–19 (8th Cir.1990). Thus, the district court improperly enhanced Lloyd's sentence under section 3C1.1 based on the same conduct comprising Lloyd's bankruptcy fraud convictions.

Accordingly, we affirm Lloyd's convictions for bankruptcy fraud, vacate Lloyd's sentence, and remand to the district court to resentence Lloyd without an enhancement under section 3C1.1 for obstruction of justice.