**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brenda Arlene LINVILLE,
Defendant–Appellant.**

**No. 93–30089.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 1993.

Decided Nov. 22, 1993.

Mary Ann Bearden, Bearden & Weinstein, Eugene, OR, for defendant-appellant.

John C. Ray, Asst. U.S. Atty., Eugene, OR, for plaintiff-appellee.

Before: REINHARDT, BRUNETTI and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Brenda Linville appeals her sentence under the Sentencing Guidelines after her guilty plea conviction of conspiracy to defraud the U.S. Department of Agriculture (USDA) in violation of 18 U.S.C. § 371. Linville contends that her base offense level under the Sentencing Guidelines should not have been increased pursuant to U.S.S.G. § 2F1.1[b](3)(B) [1] for violation of administrative process. We vacate Linville's sentence and remand for resentencing.

## BACKGROUND FACTS

Linville, David Stephens and Tracy Lynne Stephens developed a scheme to make money by taking advantage of trusting pet owners. Linville would fraudulently obtain pets from owners who placed "Free to Good Home" ads in local newspapers. She would tell the owners that she wanted the animals as pets and would provide good homes for them. In fact she planned to sell and did sell the animals to David and Tracy Stephens (doing business as D & T Kennels), whom Linville knew would in turn sell the pets to institutions for medical research purposes. On one occasion, Linville specifically told a pet owner that she would not sell her dogs for medical research, signed a statement to that effect and promised to notify the owner if she ever did consider selling the dogs for medical research. Linville nonetheless sold those dogs to the Stephenses for resale to medical research facilities, and, as a result, the dogs died.

To perpetrate the fraud and conceal the animals' whereabouts from their owners, Linville obtained the names of individuals who had recently renewed their driver licenses and gave that information to the Stephenses to record in their United States Department of Agriculture (USDA) acquisition records as the names of people who had supposedly sold animals to the kennel.

Linville received administrative warnings from the USDA which notified her that she was impermissibly selling dogs and cats to USDA licensed dealers in Oregon without a license. A May 16, 1991 letter merely informed her that she might have violated the law and should consider obtaining a license. The May 16, 1991 letter also noted that a federal regulation "prohibits anyone from obtaining random source dogs and cats by use of false pretenses, misrepresentation or deception." This was followed by an "Official Notification and Warning of Violation of Federal Regulations" dated June 7, 1991, for "[d]ealing in animals covered by the Animal Welfare Act without a license." The letter accompanying the June 7, 1991 notice referred to it as a citation and warned Linville of the stiff penalties associated with violations of requirements of the Animal Welfare Act. Neither the letter nor the notification directed that she appear at any hearing, although they did say she could call if she had any questions. Linville obtained a license in October 1991, but did not use it to sell dogs to the Stephenses.

Linville was sentenced to 8 months imprisonment, 2 months home detention and 3 years supervised release. The court imposed a two-level increase on Linville's base offense level under U.S.S.G. § 2F1.1[b](3)(B) for violation of administrative process. It referred to the two letters and the notification that Linville received from the USDA.

## JURISDICTION AND STANDARDS OF REVIEW

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

The district court's interpretation of the Sentencing Guidelines is reviewed de novo. *United States v. Blaize*, 959 F.2d 850, 851 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2954, 119 L.Ed.2d 576 (1992). Application of the Sentencing Guidelines is also

1. All references to the Sentencing Guidelines are to the 1992 version of the Guidelines.

reviewed de novo. *United States v. Fagan,* 996 F.2d 1009, 1017 (9th Cir.1993).

## DISCUSSION

■ The district court determined that the warnings issued to Linville by the USDA constituted "administrative process" within the meaning of U.S.S.G. § 2F1.1(b)(3)(B) and therefore an increase in her base offense level under the Sentencing Guidelines was warranted. We disagree.

Under U.S.S.G. § 2F1.1(b)(3)(B), when an offense of fraud or deceit involves the "violation of any judicial or administrative order, injunction, decree or process," a 2–level increase in the offense level must be imposed. The Commentary to the section provides:

> If it is established that an entity the defendant controlled was a party to the prior proceeding, and the defendant had knowledge of the prior decree or order, this provision applies even if the defendant was not a specifically-named party in that prior case. For example, a defendant whose business was previously enjoined from selling a dangerous product, but who nonetheless engaged in fraudulent conduct to sell the product, would be subject to this provision.

U.S.S.G. § 2F1.1, comment. (n. 5). The Background to the Section adds: "A defendant who has been subject to civil or administrative proceedings for the same or similar fraudulent conduct demonstrates aggravated criminal intent and is deserving of additional punishment for not conforming with the requirements of judicial process or orders issued by federal, state, or local administrative agencies."

Courts interpreting this enhancement provision have upheld its application to violations of formal judicial orders which resulted from adversarial proceedings. For example, in *United States v. Lloyd,* 947 F.2d 339, 340 (8th Cir.1991), the court approved the imposition of an offense level increase under the section based on defendant's abuse of the judicial bankruptcy process by concealing assets in a Chapter 11 proceeding. The court reasoned that even though defendant had not violated a specific court order, he had violated a specific adjudicatory process. In *United States v. Eve,* 984 F.2d 701, 703 (6th Cir.1993), the court affirmed imposition of the enhancement where defendant, who was under court order prohibiting him from operating a motor vehicle, obtained a false social security number solely to obtain a driver license and operate a motor vehicle in violation of the court order. And in *United States v. Deutsch,* 987 F.2d 878, 885–86 (2d Cir.1993), the court held that a defendant's violation of a judicial order precluding him from holding himself out as an attorney warranted, "perhaps compelled," an upward adjustment under the section. Finally, in *United States v. Paccione,* 751 F.Supp. 368, 375 (S.D.N.Y.1990), *aff'd,* 949 F.2d 1183 (2d Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3029, 120 L.Ed.2d 900 (1992), the court decided that an enhancement was justified where defendant's transportation of illegal waste and operation of an illegal landfill directly violated an injunction. On the other hand, in *United States v. Scarano,* 975 F.2d 580, 583 (9th Cir.1992), we held that general bail conditions were not among the judicial orders covered by subsection (b)(3)(B).

In contrast, the warnings directed to Linville neither resulted from an adversary proceeding nor constituted formal orders. The Commentary and Background to Section 2F1.1(b)(3)(B) indicate that it was meant to apply where a defendant violated a previously-issued judicial or administrative order which resulted from a formal adversary proceeding; Linville neither had the benefit of an adversary proceeding to establish the statutory violations she is accused of in the USDA warnings, nor was she issued a formal order compelling statutory compliance. Indeed, the applicable agency regulations reveal that the issuance of the warnings merely constituted a precursor to any subsequent "institution of a formal proceeding." *See* 7 C.F.R. § 1.133(b)(2).

It is pellucid that there is a vast difference between ignoring prior decrees, orders and injunctions after being subjected to formal proceedings, and ignoring letters and the like, no matter how official they might look. To hold otherwise would compel enhancements in every criminal case where a defen-

dant knew or was told by someone in authority that what she was doing was illegal, rather than limiting them to more relatively unusual cases where someone violated a specific court or agency order or adjudication. Beyond that, the Guideline speaks of "violations." That is a perfectly intelligible usage as it applies to an "order, injunction [or] decree." It is also intelligible if "process" is considered to be of the same ilk as those. It is considerably less intelligible if process is taken to mean a mere letter or notice and warning of a violation.

█ In our opinion, the Sentencing Commission did not intend to subject every recipient of relatively informal missives and official notifications and warnings of violations from administrative agencies to the extra penalties designed for people with "aggravated criminal intent." U.S.S.G. § 2F1.1, comment. (backg'd). · Everyone is presumed to know the law and many felons really do. But not everyone has the aggravated mental state that can be found when a special law in the form of a formal order, injunction or decree is violated. We hold that process must be construed to be a directive based upon the kind of formalities that undergird orders, injunctions and decrees. We also hold that the letters and notice and warning of violation in this case are not that. They do little more than convey information about the law and an alleged violation. Thus, the district court erred when it increased Linville's guideline offense level by two points based on U.S.S.G. § 2F1.1(b)(3)(B).

### CONCLUSION

The administrative notices sent to Linville do not rise to the level of "administrative process" and do not warrant an increased base offense level pursuant to U.S.S.G. § 2F1.1(b)(3)(B).

**VACATED** and **REMANDED.**