**UNITED STATES of America, Appellee,**

v.

**Stephanie CHEEK, Appellant.**

**No. 95–1150.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1995.

Decided Oct. 27, 1995.

---

Dorothy D. Danforth, St. Louis, argued, for appellant.

Rosemary Meyers, St. Louis, Missouri, argued (Edward L. Dowd, Jr., United States Attorney, on the brief), for appellee.

Before FAGG, FLOYD R. GIBSON, and HENLEY, Circuit Judges.

FAGG, Circuit Judge.

In this appeal, Stephanie Cheek challenges two enhancements the district court imposed in sentencing Cheek under the federal sentencing guidelines. We affirm.

After her husband committed bank fraud to obtain large loans for his business, Stephanie Cheek and other members of her family helped Cheek's husband move to another state and establish a new identity so he could avoid creditors and law enforcement authorities. The Cheeks also sold or hid many valuable items of personal property to protect the property from creditors. Stephanie Cheek lied to authorities investigating her husband's fraud, and after she converted an involuntary bankruptcy petition against her into a voluntary petition, Cheek lied to the bankruptcy court about her attempts to hide assets. A federal grand jury indicted Stephanie Cheek for a number of crimes related to the bank fraud and bankruptcy fraud. She pleaded guilty to conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 (1994), making a false oath in a bankruptcy case in violation of 18 U.S.C. § 152 (1988) (bankruptcy fraud), and making a false statement to the Federal Bureau of Investigation in violation of 18 U.S.C. § 1001 (1988). The district court sentenced Cheek to concurrent terms of thirty-seven months imprisonment for each offense.

Although Cheek lied to the bankruptcy court and concealed assets, Cheek con-

tends the district court improperly increased her base offense level under U.S.S.G. § 2F1.1(b)(3)(B) (1994) for abusing the bankruptcy process. *See United States v. Lloyd,* 947 F.2d 339, 340 (8th Cir.1991) (per curiam). Cheek argues that because her lies to the bankruptcy court formed the basis for her bankruptcy fraud conviction, she could not have committed the offense without also violating the judicial process. Cheek thus contends the Sentencing Commission must have taken her violation into account when the Commission established the base offense level for her bankruptcy fraud offense, and increasing her base offense level under § 2F1.1(b)(3)(B) constitutes impermissible double counting. We disagree.

■■■ Section 2F1.1(a) establishes a single base offense level for a wide range of fraud-related offenses. As the Seventh Circuit recently stated, the base offense level in § 2F1.1 "necessarily must be adjusted through the use of the specific offense characteristics. The fact that [the] enhancement [for violation of the judicial process] might apply in a great number of cases [in which] a debtor conceals assets does not establish that § 2F1.1(b)(3)(B) is somehow flawed. Rather, it demonstrates that [these] violations of 18 U.S.C. § 152 ... involve a higher level of culpability, and thus deserve greater punishment, than some of the other crimes that correspond to Guideline § 2F1.1." *United States v. Michalek,* 54 F.3d 325, 331–32 (7th Cir.1995). In our view, the Sentencing Commission intended that Cheek's sentence should be enhanced under § 2F1.1(b)(3)(B) because her abuse of the bankruptcy process makes her more culpable, and thus distinct from, others who have committed offenses under § 2F1.1. *See id.* at 332 n. 12.

■■ Cheek also contends the district court should not have increased her base offense level under U.S.S.G. § 3B1.1(b) (1994) for her role in the criminal activity underlying her convictions. Again, we disagree. The stipulated facts contained in the plea agreement and the testimony presented at Cheek's sentencing show Cheek directed the actions of other family members who participated in the criminal activity. For example, Cheek asked her sister to conceal the true identity of Cheek's husband after he went into hiding, Cheek selected items in her home for her sister and brother-in-law to transport out of state, and Cheek directed her son to rent storage lockers to hold some of the assets Cheek hid from her creditors. We thus conclude the district court's finding that Cheek was a manager or supervisor of criminal activity involving five or more people is not clearly erroneous. *United States v. McMurray,* 34 F.3d 1405, 1415 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1164, 130 L.Ed.2d 1119 (1995).

■■ Finally, we reject Cheek's pro se argument that the Government breached Cheek's plea agreement by requesting the § 3B1.1(b) enhancement based on Cheek's role in the offense. The plea agreement is silent on the issue of a role enhancement and does not indicate Cheek will receive any specific sentence. Also, the agreement states it is the parties' complete agreement. In short, the Government did not breach any promise to Cheek by requesting the enhancement. *United States v. Kramer,* 12 F.3d 130, 131–32 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1629, 128 L.Ed.2d 352 (1994).

We thus affirm Cheek's sentences.