70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hugo DAHDAH, Defendant-Appellant.
 No. 94-50534.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 20, 1995.
Decided Nov. 22, 1995.
 
 1
 Before: HUG, and LEAVY, Circuit Judges, and JONES,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Hugo Dahdah appeals from his conviction and sentence for conspiracy to commit bankruptcy fraud and perjury, arguing, inter alia, that the district court erred in denying a motion for a new trial based on the judge's comments at sidebar, and that the district court erred in giving him a two-level enhancement under U.S.S.G. Sec. 2F1.1(b)(3)(B) for an offense which involved "the violation of any judicial or administrative order, injunction, decree or process." We reject both contentions and affirm.
 
 
 4
 The record does not support defendant's arguments that the judge's comments at sidebar chilled defense counsel's advocacy or created an appearance of partiality. While the sidebar discussion in this case could have been conducted more carefully, the judge's comments were not such that they denied defendant a fair trial.
 
 
 5
 The defendant's role in filing false bankruptcy petitions involved an abuse of the bankruptcy process by repeated utilization of the automatic stay provision. See United States v. Lloyd, 947 F.2d 339, 340 (8th Cir.1991), cited with approval in United States v. Linville, 10 F.3d 630, 632 (9th Cir.1993). The automatic stay differs from a complaint or motion in that, by legislative directive, the stay is imposed automatically in order to give the bankruptcy court an opportunity to assess a debtor's situation and to embark on an orderly course of resolution. Title 11 U.S.C. Sec. 362. By repeatedly abusing the automatic stay, the defendant created an unnecessary burden on the courts. Accordingly, the two-level enhancement is appropriate.
 
 
 6
 We have examined defendant's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court and the sentence imposed are
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3