96 F.3d 1452
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marjorie WILLIAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter MOORE, Defendant-Appellant.
 No. 95-50402, 95-50413.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1996.
Decided Sep. 04, 1996.
 
 Before: REINHARDT, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 I. WILLIAMS.
 
 
 3
 Sufficiency of the Evidence.
 
 
 4
 There was ample evidence from which the district court could have found that Williams conspired to, and did, commit bank fraud, in violation of 18 U.S.C. §§ 371 & 1344. Williams was having financial problems. GER (Williams) 103. She lived with Moore, her brother. Williams's ER 207. On a day when Williams's supervisor was away on a pre-arranged trip, Moore's friend Laurent approached Williams at the bank where she worked as a teller. GER (Williams) 57-58, 102-03, 110-11, 285. Williams helped Laurent open an account with a stolen, altered, $616,000 check. GER (Williams) 24-27, 30-33, 92, 125. In opening the account, Laurent used a stolen driver's license, bearing a name not his own, and used a Fictitious Business Name Statement written in Williams's brother's handwriting, with which she was familiar. GER (Williams) 41-47, 93-94, 241, 272; Williams's ER 293-94. On the account signature card, Williams entered work and telephone numbers that were identical except for the area code: (213) 658-2901 and (714) 658-2901. GER (Williams) 69-70. She did not check the credit history of the person Laurent claimed to be or the business listed on the Fictitious Business Name Statement, though she was required to by the bank's rules. GER (Williams) 37-39, 57, 67-70, 116-17, 200-01, 230. And, she issued an ATM card on the account, which wasn't normally done for business customers. GER (Williams) 98. About a week later, on another day when her supervisor was out on a pre-arranged trip, Laurent again approached Williams to help him wire transfer money out of the account. GER (Williams) 98-101. Finally, Williams gave conflicting statements about whether she knew Laurent and about how she met him. GER (Williams) 73-77; Williams's ER 213-15.
 
 
 5
 The district court was entitled to conclude that this was not all a big coincidence but a carefully planned criminal action. The evidence of Williams's guilt was more than sufficient.
 
 
 6
 Pre-Indictment Delay.
 
 
 7
 We have held that pre-indictment delay doesn't violate due process unless defendant shows "actual, non-speculative prejudice." United States v. Sherlock, 962 F.2d 1349, 1353 (9th Cir.1989), cert. denied sub nom. Charley v. United States, 506 U.S. 958 (1992). Williams points to Laurent's death and to her fading memory. See Appellant's [Williams's] Opening Br. at 11-12. But she hasn't shown that Laurent even would have testified in her favor, much less that his testimony would "withstand cross-examination and/or be found credible by a jury." United States v. Butz, 982 F.2d 1378, 1380 (9th Cir.), cert. denied, 114 S.Ct. 250 (1993). The "loss or dimming of witness memories," standing alone, does not constitute actual prejudice. Id.
 
 
 8
 Ineffective Assistance of Counsel.
 
 
 9
 We reject Williams' conclusory assertions that her counsel was unconstitutionally ineffective for failing to subpoena Moore and for failing to seek a severance, as she hasn't shown how these failures prejudiced her. See also Fed.R.App.P. 28(a)(6); United States v. Alonso, 48 F.3d 1536, 1544-45 (9th Cir.1995).
 
 
 10
 Downward Departure.
 
 
 11
 The district court sentenced Williams within the guideline range and the government did not challenge the court's authority to depart downward. The court's failure to state whether it had authority to depart is therefore unappealable. See United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991).
 
 
 12
 II. MOORE.
 
 
 13
 Motion to Withdraw Guilty Plea.
 
 
 14
 The district court did not err in denying Moore's motion to withdraw his guilty plea. The court was entitled to conclude, based on the statements of Moore and his trial attorney at the Rule 11 colloquy, that Moore made his decision to plead guilty independent of his attorney and that his guilty plea was knowing and voluntary; this is so notwithstanding his and his trial attorney's recantations. Moore's ineffective assistance of counsel argument therefore also fails, because he hasn't shown "there is a reasonable probability that, but for his counsel's [actions], he would not have pleaded guilty." Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 15
 Pre-Indictment Delay.
 
 
 16
 Moore's reliance on Laurent's death to show actual prejudice fails for the same reason Williams's does.
 
 
 17
 Moore's conclusory reference to ineffective assistance of counsel in connection with his pre-indictment delay claim is not a basis for relief. See Fed.R.App.P. 28(a)(6); Alonso, 48 F.3d at 1544-45.
 
 
 18
 Organizer or Leader.
 
 
 19
 Moore directed the activities of Gillam, who sold coins, GER (Moore) 316-28, and Holt, who stored and sold coins, GER (Moore) 249-60. The scheme included five or more participants, including Williams, Moore, Laurent, Gillam and Holt. The district court therefore did not err in enhancing Moore's sentence for his role as an organizer or leader. See U.S.S.G. § 3B1.1(a).
 
 
 20
 Obstruction of Justice.
 
 
 21
 Moore's production of a false document during the grand jury investigation was obstruction of justice under U.S.S.G. § 3C1.1. There was no double counting, because this perjurious activity was not the basis for any of the charges of which he was convicted. Cf. United States v. Lloyd, 947 F.2d 339, 340 (8th Cir.1991) (it was impermissible double counting to enhance defendant's sentence because he committed perjury, where this perjury was, in part, the basis for the bankruptcy fraud conviction to which the sentence applied).
 
 
 22
 Neither United States v. Dunnigan, 113 S.Ct. 1111 (1993), nor United States v. Ancheta, 38 F.3d 1114 (9th Cir.1994), requires that we remand for the entry of additional findings. The district court adopted the PSR, Moore's ER at 381, which found that Moore produced a false document in response to a grand jury subpoena, in order to conceal his crimes, PSR pp 58-59. While the PSR does not state that the document was material, "we ... do not read Dunnigan as requiring remand to the district court solely for a determination of materiality," at least where the falsehood was "clearly material." United States v. Arias-Villanueva, 998 F.2d 1491, 1513 (9th Cir.1993). Here, the false document clearly was material; "if believed, it would tend to influence or affect the issue under determination," United States v. Magana-Guerrero, 80 F.3d 398, 400 (9th Cir.1996) (citing U.S.S.G. § 3C1.1 app. note 5).
 
 
 23
 Acceptance of Responsibility.
 
 
 24
 Moore put the government to its proof and only then pled guilty, in the face of overwhelming evidence. Later still, he tried to withdraw his guilty plea. Under the circumstances, the district court did not err in finding that he failed to accept responsibility.
 
 
 25
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3