PER CURIAM:
 

 We must decide whether a sentence for conviction of bankruptcy fraud by filing fraudulent bankruptcy petitions can be enhanced for violation of a “judicial process” under the Sentencing Guidelines.
 

 
 *907
 
 i
 

 Defendant Sandra Denise Welch participated in a scheme to defraud the United States Bankruptcy Courts. The business in which she worked with Eugene and Karen Hawkins purported to provide relief to tenants facing eviction. They advertised that they could postpone an eviction up to six months.
 

 After soliciting the necessary information from a tenant, Welch would prepare and file a fraudulent bankruptcy petition in the tenant’s name to invoke the “automatic stay” against eviction. The fraudulent petition would state the tenant’s correct name with a false social security number. The petition also would contain the false statement that no one had assisted the tenant in preparing the petition. The tenant would pay one-half of his or her monthly rent for each month that the fraudulent bankruptcy petition forestalled the eviction.
 

 Welch pleaded guilty to conspiracy to defraud the United States Bankruptcy Court and to commit perjury under 18 U.S.C. § 371, to perjury under 18 U.S.C. § 1623, and to bankruptcy fraud under 18 U.S.C. § 152. The district court sentenced Welch to thirty-three months imprisonment and three years of supervised release.
 

 II
 

 In calculating her sentence, the district court increased Welch’s offense level by two-levels for obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1. Section 3C1.1 provides for a two-level increase “[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense....”
 

 The district court found that Welch had participated in filing a fraudulent bankruptcy petition in the name of Aaron Tassin, an investigator with the California Department of Insurance. Tassin had been investigating Welch and Eugene Hawkins for insurance and cheek fraud. Welch and Hawkins filed the false petition, the district court found, “with an intent to disrupt the life of Mr. Tassin.”
 

 Welch does not dispute that this was the purpose of the petition; rather, she claims that she did not know it. In other words, while Hawkins knew of Tassin’s investigation and intended to retaliate against him, the evidence did not establish that Welch shared this knowledge and purpose. We review whether Welch obstructed justice for clear error.
 
 United States v. Karterman,
 
 60 F.3d 576, 584 (9th Cir.1995).
 

 Tassin’s bankruptcy was filed a few days after he appeared in court with Hawkins in connection with the state investigation. After Tassin learned that a bankruptcy petition had been filed in his name, he retrieved the petition, which bore Welch’s fingerprint. The district court inferred from the close business and personal relationships between Hawkins and Welch that Welch was a knowing participant. Under the preponderance of the evidence standard,
 
 United States v. Restrepo,
 
 946 F.2d 654, 658 (9th Cir.1991) (en banc),
 
 cert. denied,
 
 503 U.S. 961, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992), the district court’s inference from the circumstantial evidence presented was reasonable.
 

 Accordingly, the district court did not err in enhancing Welch’s offense level for obstruction of justice.
 

 Ill
 

 The district court further increased Welch’s offense level by two additional levels for violation of a judicial process under U.S.S.G. § 2Fl.l(b)(3)(B). Section 2Fl.l(b)(3)(B) provides for a two-level increase “[i]f the offense involved ... violation of any judicial or administrative order, injunction, decree, or process not addressed elsewhere in the guidelines_”
 

 The district court found that Welch violated the judicial process of the bankruptcy courts when she filed several false petitions. Welch contends that she did not violate any judicial process because the word “process,” as used in the guideline, refers only to a summons, a complaint, or a writ,
 
 *908
 
 not a specific adjudicatory process. We review the district court’s interpretation of the guidelines
 
 de novo. United States v. Shrestha,
 
 86 F.3d 935, 938 (9th Cir.1996).
 

 Those circuits which have addressed this issue squarely reject Welch’s position. In
 
 United States v. Lloyd,
 
 947 F.2d 339 (8th Cir.1991), the Eighth Circuit affirmed a two-level enhancement under section 2F1.1(b)(3)(B) for a defendant who fraudulently concealed assets from the bankruptcy court. Though the defendant “did not violate a specific judicial order, injunction, or decree,” he “did violate a judicial process by fraudulently concealing assets from bankruptcy court officers.”
 
 Id.
 
 at 340.
 

 We endorsed the Eighth Circuit’s conclusion in
 
 United States v. Linville,
 
 10 F.3d 630 (9th Cir.1993).
 
 Linville
 
 held that “process must be construed to be a directive based upon the kind of formalities that undergird orders, injunctions and decrees.”
 
 Id.
 
 at 633. To illustrate, we explained that
 

 [cjourts interpreting this enhancement provision have upheld its application to violations of formal judicial orders which resulted from adversarial proceedings. For example, in
 
 United States v. Lloyd,
 
 the court approved the imposition of an offense level increase under the section based on defendant’s abuse of the judicial bankruptcy process by concealing assets in a Chapter 11 proceeding. The court reasoned that even though defendant had not violated a specific court order, he had violated a specific adjudicatory process.
 

 Linville,
 
 10 F.3d at 632 (internal citation omitted).
 

 The Seventh Circuit applied
 
 Linville
 
 in
 
 United States v. Michalek,
 
 54 F.3d 325 (7th Cir.1995), to refute the same argument that Welch now advances. Bankruptcy proceedings, the court explained, involve “the kind of formalities that undergird orders, injunctions and decrees.”
 
 Id.
 
 at 333 (quoting
 
 Linville,
 
 10 F.3d at 638). The court, construing the Eighth Circuit’s decision in
 
 Lloyd,
 
 stated that the gravamen of bankruptcy fraud is “that the defendant [has] abused the process of the bankruptcy court.”
 
 Id.
 
 at 332. The sentence for such a defendant “should be enhanced under § 2Fl.l(b)(3)(B) because her abuse of the bankruptcy process makes her more culpable, and thus distinct from, others who have committed offenses under § 2F1.1.”
 
 United States v. Cheek,
 
 69 F.3d 231, 233 (8th Cir.1995) (citing
 
 Michalek,
 
 54 F.3d at 332 n. 12).
 

 We hold, to the extent any doubt lingered in this circuit after
 
 Linville,
 
 that section 2Fl.l(b)(3)(B) applies to violations of specific adjudicatory processes, such as bankruptcy proceedings, not addressed elsewhere in the guidelines.
 
 [1]
 

 Accordingly, the district court did not err by enhancing Welch’s offense level for violation of a judicial process.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Cf. United States v. Bellew,
 
 35 F.3d 518, 521 (11th Cir.1994) (defendant who files a false bankruptcy petition also violates a "judicial order” within the meaning of section 2F1.1(b)(3)(B)).