**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David James JOHNSON, Defendant–
Appellant.**

No. 01–30127.
D.C. No. CR–00–00013–RCT.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 24, 2001.

Before HUG, PREGERSON and WARDLAW, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

David James Johnson appeals his four month sentence imposed after his guilty-plea conviction for concealment of assets in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(1), and concealment of assets so as to receive federal benefits, in violation of 18 U.S.C. § 1001. We have jurisdiction pursuant to 18 U.S.C. § 3742, and affirm.

Johnson contends at the time of his offense, USSG § 2F1.1(b)(4)(B) did not provide a sentence enhancement for fraud during bankruptcy proceedings. He argues the application of amendment 597 to the Sentencing Guidelines violates the Ex Post Facto Clause. We review ex post facto challenges to sentencing decisions de novo, *see United States v. Ortland,* 109 F.3d 539, 543 (9th Cir.1997), and conclude Johnson's contention is without merit.

We have previously held section 2F1.1(b)(4)(B) applies to bankruptcy fraud. *See United States v. Welch,* 103 F.3d 906, 908 (9th Cir.1996) (per curiam) (holding then-section 2F1.1(b)(3)(B) applies to bankruptcy proceedings). Even without amendment 597, Johnson would have received the two point adjustment. *See id.* Because Johnson was not disadvantaged by the amendment, there was no ex post facto violation. *See United States v. Chea,* 231 F.3d 531, 539 (9th Cir.2000).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

