UNITED STATES of America Plaintiff

v.

**Scott LEVINE Defendant**

**No. 4:04CR00175WRW.**

United States District Court,
E.D. Arkansas,
Western Division.

July 18, 2005.

George C. Vena, Karen D. Coleman, Todd Lister Newton, U.S. Attorney's Office, Eastern District of Arkansas, Little Rock, Amanda M. Hubbard, U.S. Department of Justice, Computer Crime and Intellectual Property, Avenue, NW, Washington, DC, for U.S. Attorneys.

David Michael Garvin, David M. Garvin, P.A., Miami, FL, for Scott Levine (1), defendant.

## ORDER

WILSON, District Judge.

Pending is Defendant Scott Levine's Motion in Limine to Prohibit Reference to Certain Matters Before the Jury (Doc. No. 40). Plaintiff has responded (Doc. No. 41) and Defendant has replied (Doc. No. 45). Oral arguments have been heard during breaks in the trial.

1. *See* Final Judgment (May 12, 1999), *SEC v. Friendly Power, et al.,* Case No. 98–2902–CIV–

## I. BACKGROUND

The indictment initially had one hundred forty-four (144) specific charges against Defendant Scott Levine ("Defendant" or "Levine"). The Government has dismissed six of those charges. The remaining one hundred thirty-eight (138) charges are: one count alleging that Levine conspired with other persons to violate the laws of the United States in violation of 18 U.S.C. § 371 by committing certain offenses that are the subject of the subsequent counts. The indictment lists overt acts allegedly taken in furtherance of the conspiracy. The indictment further charges Levine with one hundred thirty-three (133) counts of gaining unauthorized access to a protected computer in violation of 18 U.S.C. § 1030; two counts of possessing more than fifteen access devices for fraudulent purposes in violation of 18 U.S.C. § 1029; one count of laundering money from the proceeds of unlawful activity in violation of 18 U.S.C. § 1957; and one count of attempting to corruptly alter, destroy, mutilate or conceal an object in order to obstruct justice in violation of 18 U.S.C. § 1512.

The Government wants to introduce information pertaining to a 1998 civil proceeding brought by the Securities and Exchange Commission ("SEC") against Defendant and his wife for the sale of unregistered securities in violation of Rule 10(b) of the Securities Act.[1] Defendant was the Chief Executive Officer of a company called Friendly Power Co., LLC. It was created to sell electricity in the deregulated California energy market. The SEC brought suit alleging that Defendant sold "partnership shares" in Friendly Power that were actually unregistered securities.

KING (S.D.Fl.).

After a bench trial, the Florida District Court found, among other things, that Defendant had violated the securities laws using a "deliberate scheme through which [he] sought investors in such a way as to avoid the securities laws...[which] created a substantial risk that the investors would lose their investments."[2] The court ordered Defendant to pay a civil sanction of $2,175,000, and permanently enjoined him and his agents and employees from, among other things, directly or indirectly participating in the sale of securities.[3] The court described Defendant as "a recidivist securities and commodities law violator."[4]

Defendant appealed to the Eleventh Circuit. Before oral arguments were heard in the circuit court, the entire matter was settled for $225,000, and the district court entered an order, dated December 22, 2000, accepting the parties' stipulations.[5]

During oral argument, the Government has offered various theories supporting the admissibility of information regarding this former civil proceeding.

## II. DISCUSSION

I don't recall that the Government included "admission" in support of its argument that reference to the earlier civil proceeding is appropriate; but I believe a brief reference to that SEC sanction proceeding is permissible under FRE 801, et al.

Irving Younger claimed that the drafters of the FRE and the Uniform Rules of Evidence ("URE") engaged in "intellectual foppery" when they removed admissions from the exceptions to the hearsay rule.

Actually, this removal was, in part, a bow to Edmund Morgan and other evidence stalwarts who argued that admissions should not be treated as an exception, i.e., that they should stand alone as substantive evidence.[6] McCormick points out:

> The decision to classify admissions as nonhearsay in the Federal Rules, rather than as a hearsay exception, was not based purely on theoretical grounds. Believing that no catalog of hearsay exceptions could possibly include all trustworthy hearsay evidence that might evolve, the Advisory Committee included provisions in general terms for hearsay not within one of the enumerated exceptions but having comparable guarantees of trustworthiness. The inclusion of admissions, which possess no objective guarantee of trustworthiness, as an exception would not have been consistent with this pattern.[7]

It is hard for me to accept the assertion that admissions possess *"no* objective guarantee of trustworthiness." A party may not, in some instances, realize that an admission is an admission at the time he makes it; but usually he will, and it seems to me that this provides a considerable measure of trustworthiness. Be that as it may, however, FRE 801(d)(2) treats admissions as non-hearsay.

I recall a Younger lecture during which he defined an admission as *"anything* a party *ever* said which is contrary to a position the party is taking at the trial." This definition may be a tad rough-hewn, but, in my view, it is a good working definition.

**2.** *Id.* at 18.

**3.** *See id.*

**4.** *Id.* at 1.

**5.** *See* Order Ratifying Stipulation (Dec. 22, 2000), *SEC v. Friendly Power, et al.,* Case No. 98–2902–CIV–KING (S.D.Fl.).

**6.** *See* Edmund Morgan, *Admissions as an Exception to the Hearsay Rule,* 30 Yale L.J. 355 (1921).

**7.** 2 *McCormick on Evidence* § 254, at 137 n. 7 (John W. Strong ed., 5th ed.1999) (internal citations omitted) (hereinafter *"McCormick "*).

Defendant's pre-trial statement to persons who are now witnesses in this trial that he would have to put others out front in forming Snipermail (the company connected with the current allegations against Defendant) because he earlier had had problems with the SEC is contrary to the position he is taking in this trial. In opening statement, Defendant's lawyer asserted that Defendant put others out front for innocent reasons. So, a limited reference to Defendant's earlier SEC problem will be permitted over objection. Still, in my judgment, this melon should be sliced as thinly as possible, i.e., the witnesses will be permitted to relate only the Defendant's alleged statement that, "I can't be out front because of problems I have had with the SEC," or words to this precise, narrow effect. No elaboration will be permitted. As examples, witnesses will not be able to testify that Defendant was sanctioned by the SEC; nor will they be permitted to refer to any specific language in the sanction order.

Despite the Government's urging, I emphasize that Defendant's statement is *not* being admitted under FRE 404(b). It is my general impression that courts often take a too liberal view of 404(b) in admitting evidence of prior bad acts. Regardless of whether my impression is correct, this proffered evidence does not fit 404(b).

As I recall oral argument, the Government also asserted that the statement is admissible as "background," "its effect on hearer," and to "complete the story" (at least in so many words these were set forth).

Over the years, I have carefully reviewed the rules of evidence in an attempt to find the "background" exception to the hearsay, rule. Thus far, I haven't been able to locate the rule; but it is firmly established in courthouse lore.[8] With respect to the "background" or "effect on hearer/reader" exception, McCormick has this to say:

One area where abuse may be a particular problem involves statements by arresting or investigating officers regarding the reason for their presence at the scene of a crime. The officers should not be put in the misleading position of appearing to have happened upon the scene and therefore should be entitled to provide some explanation for their presence and conduct. They should not, however, be allowed to relate historical aspects of the case, such as complaints and reports of others containing inadmissible hearsay. Such statements are sometimes erroneously admitted under the argument that the officers are entitled to give the information upon which they acted. The need for this evidence is slight, and the likelihood of misuse is great. Instead, a statement that an officer acted "upon information received," or words to that effect, should be sufficient.[9]

The so-called "background" exception probably reflects the desire of courts to allow witnesses to relate events as they saw or heard them, that is, the urge is to allow the evidence to be presented as a "seamless web" without too much restriction by the exclusionary rules of evidence.[10] As noted in the last quote above, a little of this background information may be proper to show the effect on the hearer; but more than a little can likely work much mischief.

---

8. It may be second only to the pervasive myth that hearsay is admissible if made in the presence of the party; or conversely, it is not admissible if not made in the presence of the party. *See* 2 *McCormick,* § 246, at 98.

9. 2 *McCormick,* § 249, at 103.

10. 2 *McCormick* § 268, at 196.

If Defendant takes the stand, it is possible that he will open the door for cross-examination on more details concerning his problems with the SEC; but as far as I can discern (or divine), this appears unlikely. I do not want to put a chill on Defendant's right to testify if he so chooses. I include this solely as a note of caution.

Also, as a matter of caution, I hold that the SEC order would not be admissible under FRE 605. As far as I know, no court has held that a civil judgment is a "conviction" under 605 Although, one court indicated that it probably would permit impeachment by a civil judgment if the defendant testified. I believe this indication stands alone in federal jurisprudence.[11]

Lastly, it is unlikely that I would permit cross-examination on this point under the narrow limits of FRE 608; but I will permit the Government to address this out of the hearing of the jury before making a final decision. If it is to be addressed, then it must be *before* Defendant takes the stand.

---

11. *See U.S. v. Lloyd,* 947 F.2d 339 (8th Cir. 1991).