EMILIO M. GARZA, Circuit Judge,
dissenting:
The district court erred at sentencing by imposing a two-level increase pursuant to § 2B1.1(b)(9)(C). Section 2Bl.l(b)(9)(C) only applies if a defendant’s offense involved “a violation of [a] prior, specific judicial or administrative order, injunction, decree, or process....”
The USDA’s July 9th letter stated, “We find that the violations cited in our [July 1st] charge letter occurred at your firm.” In lieu of a six-month period of disqualification, the letter assessed a fine for Nash’s SNAP violations and required Nash to pay his fine within fifteen days of receipt of the letter. The letter warned failure to pay the fine within fifteen days would result in a six-month disqualification *407 from the SNAP program. The letter further stated that if “you are disqualified” and “it is determined you accepted food stamps benefits after the effective date of disqualification, you will be subject to a severe monetary fine ... and possible prosecution under applicable laws.” The letter informed Nash the USDA’s determination that Nash committed the SNAP violations did not prevent other agencies or departments from taking action in response to his violations.
The government does not point to any order, injunction, decree or process the USDA imposed in its July 9th letter that Nash violated. The letter required Nash to pay a fine, and Nash paid that fine.
The majority makes much of a Guideline note that states the enhancement applies “if the defendant commits a fraud in contravention of a prior, official judicial or administrative warning, in the form of an order, injunction, decree, or process, to take or not to take a specified action.” Ante, at 405 (quoting § 2Bl.l(b)(9)(C) cmt. n. 7(G)). The majority concludes that “the fine ... clearly ‘ordered [Nash] to stop’ committing food stamp fraud.” Ante, at 406. This is unconvincing. The letter warned only that failure to pay the fine would result in disqualification from the SNAP program, and if disqualified, accepting food stamp benefits during that period of disqualification would result in enhanced penalties. The letter did not warn Nash to stop committing food stamp fraud. Additionally, even if the letter made such a warning, the Guideline note requires that the warning be “in the form of an order, injunction, decree, or process, to take or not to take a specified action.” § 2B1.1(b)(9)(C) cmt. n. 7(C). Here, in its July 9th letter, the USDA only required Nash to pay the fine within fifteen days of receipt of the letter. Nash paid the fine in a timely manner.[1]
Respectfully, I dissent.

. Moreover, it is unclear the USDA’s letters to Nash constituted the type of official agency order or decree contemplated by the statute. See United States v. Linville, 10 F.3d 630, 632-33 (9th Cir.1993) ("It is pellucid that there is a vast difference between ignoring prior decrees, orders and injunctions after being subjected to formal proceedings, and ignoring letters and the like, no matter how official they might look.”).