**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Howard Paul GUTHRIE, Defendant–Appellant.**

**No. 97–2019.**

United States Court of Appeals, Sixth Circuit.

Argued April 24, 1998.

Decided June 19, 1998.

Thomas J. Gezon (argued and briefed), Office of the U.S. Attorney for the Western District of Michigan, Grand Rapids, Michigan, for Appellee.

F. Randall Karfonta (argued and briefed), Leland, Michigan, for Appellant.

---

\* The Honorable Jon Phipps McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

Before: BATCHELDER and COLE, Circuit Judges; McCALLA, District Judge.\*

## OPINION

COLE, Circuit Judge.

Defendant–Appellant Howard Paul Guthrie appeals the sentence imposed by the district court following his plea of guilty to a one-count superseding information charging him with concealment of assets in a bankruptcy proceeding in violation of 18 U.S.C. § 152(1). Specifically, Guthrie contests the district court's two-level enhancement to his sentence for violation of a judicial process under U.S.S.G. § 2F1.1(b)(3)(B); its determination of the amount of loss involved; and its denial of a reduction in sentence for acceptance of responsibility under U.S.S.G. § 3E1.1. Guthrie also argues that he did not receive advance notice of the district court's intent to apply U.S.S.G. § 2F1.1(b)(3)(B), or of the factors that the district court relied upon in determining the amount of loss. Finally, Guthrie alleges that he was denied effective assistance of counsel. The applicability of U.S.S.G. § 2F1.1(b)(3)(B) to the offense of bankruptcy fraud presents a question of first impression in this circuit. For the reasons that follow, we conclude that § 2F1.1(b)(3)(B) applies to the offense of bankruptcy fraud and **AFFIRM** the sentence imposed by the district court in all respects.

## I. BACKGROUND

Since 1960, Guthrie has been involved in land development in Northern Michigan and has owned various real estate properties. In the late 1980s, Guthrie became involved in a gold mining venture in Alaska. In 1989, Guthrie was sued by his partners in the gold mining venture for recovery of a $30,000 bulldozer engine Guthrie allegedly stole from his partners. When Guthrie failed to appear for the court date in Alaska, the court issued a judgment against him in the amount of $330,000.[1]

In an attempt to put his Michigan real estate holdings out of the reach of the judg-

---

1. According to Guthrie, his counsel at the time advised him not to appear in Alaska.

ment entered against him, Guthrie and his wife transferred six real properties by quitclaim deeds to Guthrie's secretary, Robin Ambler Bates.[2] Guthrie filed these deeds in Wexford County, Michigan. Thereafter, at Guthrie's instruction, Bates prepared six quitclaim deeds that transferred the properties back to Guthrie. Instead of registering these deeds, Guthrie simply kept them in his possession.

On November 25, 1991, Guthrie filed an individual bankruptcy petition under the provisions of Chapter 7 of the bankruptcy laws in the Bankruptcy Court for the Western District of Michigan. Guthrie provided written statements under oath that he did not own or have any interest in real property. In January 1992, the bankruptcy trustee, James W. Boyd, became aware of real estate owned by Guthrie. Guthrie then converted his Chapter 7 case to a case for reorganization under the provisions of Chapter 11, listing in the newly filed schedules ownership of his home but no other real estate. The bankruptcy court subsequently appointed Boyd as trustee for the Chapter 11 case, and Boyd continued to discover information that led him to believe that Guthrie was concealing assets from the bankruptcy court.

After Boyd notified authorities, the Federal Bureau of Investigation began investigating Guthrie. The FBI learned about the transfer of property from Guthrie and his wife to Bates, and Boyd filed an adversary proceeding against Guthrie and Bates to set aside and avoid as fraudulent the conveyance of the subject real properties. Bates agreed to convey the properties to Boyd in exchange for Boyd's dropping the suit against her. When Boyd attempted to file the deeds in Wexford County, he was informed that deeds had already been registered for those properties. Upon examination of the registered deeds, it was determined that Guthrie had used correction fluid to erase his name as the transferee, and had substituted the names of friends and relatives, unbeknownst to them. Boyd eventually received permission from the bankruptcy court to sell Guthrie's interest in the properties without warranties as to

title. At auction, Guthrie's interest in the properties sold for a total of $143,520.70.

On March 4, 1997, an indictment was filed against Guthrie charging him with eight counts of concealment of assets in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(1). Subsequently, pursuant to a written plea agreement, Guthrie entered a plea of guilty to a one-count superseding information[3] charging him with concealment of assets in a bankruptcy proceeding in violation of 18 U.S.C. § 152(1).

On September 10, 1997, the district court held a sentencing hearing. The district court determined that a two-level sentencing enhancement for violation of a judicial process was appropriate in this case pursuant to U.S.S.G. § 2F1.1(b)(3)(B), despite the fact that the probation officer had not recommended such an enhancement in the presentence investigation report. In finding § 2F1.1(b)(3)(B) applicable in this case, the district court noted the conflict in the federal appellate courts regarding whether bankruptcy proceedings were a judicial process within the meaning of § 2F1.1(b)(3)(B), and the fact that this circuit had not yet addressed the issue. The district court concluded that

> [g]iven that the base offense level of 2F1.1 applies to such a broad range of crimes and given the structure of the guidelines, it stands to reason that where, as here, the defendant is much more culpable because he uses a judicial process to effectuate the harm, disregards the judicial mandate to truthfully reveal all of his assets, takes advantage of a judicial process that gives him some freedom in terms of his debt situation and lies to the Court, the crime of fraud should be enhanced.

With respect to the amount of loss resulting from Guthrie's fraud, the district court did not rely upon the probation officer's finding that the amount of loss was the value of Guthrie's interest in the property after it had been sold, or $143,520.70. The district court noted that this figure was the best estimate of Guthrie's intended loss to the creditors,

---

**2.** Again, Guthrie states that he transferred the property pursuant to the advice of counsel.

**3.** The superseding information combined all eight counts of the indictment into one count.

but concluded that a more accurate estimate was the actual loss to the creditors, or approximately $133,000.00. In arriving at this figure, the court considered as losses $64,-518.00 in legal fees, $33,892.00 in back taxes and $35,000.00 in interest.

Finally, the district court accepted the recommendation of the probation officer that Guthrie did not accept responsibility for the offense and, therefore, did not warrant a two-level decrease in sentence under U.S.S.G. § 3E1.1. The district court then sentenced Guthrie to thirty months' incarceration, the low end of his guideline range. Guthrie filed a timely notice of appeal.

## II. ANALYSIS

### A. U.S.S.G. § 2F1.1(b)(3)(B)

 We begin with the application of U.S.S.G. § 2F1.1(b)(3)(B) to the offense of bankruptcy fraud. We review a district court's legal conclusions in applying the Sentencing Guidelines de novo. *See United States v. Moored,* 38 F.3d 1419, 1423 (6th Cir.1994).

The Sentencing Guidelines' section addressing the offense of fraud, U.S.S.G. § 2F1.1(b)(3)(B), provides that "[i]f the offense involved ... violation of any judicial or administrative order, injunction, decree, or process not addressed elsewhere in the guidelines, increase by 2 levels." The district court determined that the § 2F1.1(b)(3)(B) sentencing enhancement applied in this case because bankruptcy proceedings are a "judicial process." The question presented, then, is whether the term "judicial process" as used in § 2F1.1(b)(3)(B) includes bankruptcy proceedings, an issue of first impression in this circuit.

The appellate courts that have addressed this issue have arrived at different conclusions, with most finding that bankruptcy proceedings are a judicial process as envisioned by § 2F1.1(b)(3)(B) and, thus, the enhancement applies to any scheme to defraud or violate the bankruptcy system. *See United States v. Saacks,* 131 F.3d 540, 545 (5th Cir.1997) (holding that § 2F1.1(b)(3)(B) enhancement warranted in cases of bankruptcy fraud because bankruptcy proceedings are a

judicial order or process); *United States v. Messner,* 107 F.3d 1448, 1457 (10th Cir.1997) (holding that § 2F1.1(b)(3)(B) enhancement warranted in cases of bankruptcy fraud because bankruptcy proceedings are a judicial process); *United States v. Welch,* 103 F.3d 906, 908 (9th Cir.1996) (same); *United States v. Michalek,* 54 F.3d 325, 332–33 (7th Cir. 1995) (same); *United States v. Lloyd,* 947 F.2d 339 (8th Cir.1991) (same). At least one circuit has held that it was unnecessary to decide what the Sentencing Commission meant by "judicial process," because concealment of assets is a violation of a "judicial order." *See United States v. Bellew,* 35 F.3d 518, 520 (11th Cir.1994). These decisions generally have reasoned that the Sentencing Guidelines' fraud provision is a very broad guideline encompassing a wide variety of offenses; because bankruptcy fraud involves a higher level of culpability due to its deception of the court, the offense warrants a greater punishment.

On the other hand, two circuits have declined to apply the § 2F1.1(b)(3)(B) sentencing enhancement in similar situations. *See United States v. Shadduck,* 112 F.3d 523, 529–30 (1st Cir.1997) (stating that there was no evidence that the defendant acted with aggravated criminal intent envisioned by the Sentencing Commission in § 2F1.1(b)(3)(B)); *United States v. Carrozzella,* 105 F.3d 796, 800 (2d Cir.1997) (stating that an enhancement was not warranted in the case of a defendant filing false accounts in probate court, because the prohibition on filing false accounts is a rule applicable to all debtors and not specific to defendant).

 We are persuaded by the reasoning of the courts that have determined that § 2F1.1(b)(3)(B) is applicable to the offense of bankruptcy fraud. We thus join those courts and hold that the term "judicial process" as used in § 2F1.1(b)(3)(B) includes bankruptcy proceedings.[4] As stated by the Tenth Circuit:

> [T]his view is in accord with the essence of the crime of conviction because it recognizes the importance of protecting the integrity of the bankruptcy system.

---

**4.** Having determined that "judicial process" encompasses bankruptcy proceedings, we need not

determine whether a "judicial order" was violated in this case.

Bankruptcy fraud undermines the whole concept of allowing a debtor to obtain protection from creditors, pay debts in accord with the debtor's ability, and thereby obtain a fresh start. When a debtor frustrates those objectives by concealing the very property which is to be utilized to achieve that purpose, the debtor works a fraud on the entirety of the proceeding. By obtaining protection from creditors and, at the same time, denying them of their lawful and equitable due, a debtor violates the spirit as well as the purpose of bankruptcy. This artifice strongly supports increasing the perpetrator's sentence for committing fraud upon the very source of his financial refuge and salvation.

*Messner,* 107 F.3d at 1457.

Because Guthrie violated a judicial process by committing fraud upon the bankruptcy court, the district court did not err in imposing an enhancement under § 2F1.1(b)(3)(B). Accordingly, we affirm the judgment of the district court with respect to this issue.

### B. Amount of Loss

■ We next turn to Guthrie's argument regarding the district court's determination of the amount of loss in this case. The determination of the amount of loss is a finding of fact that we will not disturb unless clearly erroneous. *See United States v. Comer,* 93 F.3d 1271, 1284–85 (6th Cir.), *cert. denied,* — U.S. — , 117 S.Ct. 595, 136 L.Ed.2d 523 (1996).

■ The applicable Sentencing Guideline provision for offenses involving fraud is U.S.S.G. § 2F1.1 and its accompanying commentary. Section 2F1.1 assigns a base offense level of six, and then adds incremental punishment according to the amount of loss resulting from the fraud. "Loss" under § 2F1.1 means the actual or intended loss to the victim, whichever is greater. *See Moored,* 38 F.3d at 1427. Moreover, the amount of loss need not be determined with precision; the district court need only make a reasonable estimate, given the available information. *See* U.S.S.G. § 2F1.1, comment. (n.8).

In this case, the district court considered both the actual loss and the intended loss to the creditors. The district court noted that the best estimate of Guthrie's intended loss to the creditors was the amount for which Guthrie's interest in the property sold, or $143,520.70; however, the court concluded that a more accurate estimate was the actual loss to the creditors. In determining the actual loss, the court found that the creditors lost $64,518.00 in legal fees, $33,892.00 in back taxes and $35,000.00 in interest. The district court thus calculated the actual loss to be approximately $133,000.00, resulting in a seven-level increase in Guthrie's base offense level. *See* U.S.S.G. § 2F1.1(b)(1)(H).

■ The district court erred by including interest in the amount of its actual loss calculation. *See* U.S.S.G. § 2B1.1, comment. (n.2) ("Loss does not include the interest that could have been earned...."). Nonetheless, we cannot say that the district court clearly erred by imposing a seven-level increase pursuant to U.S.S.G. § 2F1.1(b)(1)(H) for a loss greater than $120,000. The proper measure of loss in this case was the intended loss of $143,520.70, which the district court relied upon as an alternative basis for its holding. This intended loss figure of $143,520.70 also results in a seven-level increase to Guthrie's sentence. *See* U.S.S.G. § 2F1.1(b)(1)(H). Accordingly, we affirm the district court's seven-level enhancement to Guthrie's sentence for the amount of loss in this case.

### C. Acceptance of Responsibility

■ Guthrie also argues that the district court erred in denying him a reduction in sentence for acceptance of responsibility. The determination of whether a defendant has accepted responsibility is a factual question for the district court which should be accorded great deference and should not be disturbed unless clearly erroneous. *See United States v. Surratt,* 87 F.3d 814, 821 (6th Cir.1996) (citing, *inter alia,* U.S.S.G. § 3E1.1, comment. (n.5) ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.")).

■ The Sentencing Guidelines provide that a defendant is entitled to a two-level reduction in sentence "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a).

The defendant bears the burden of showing by a preponderance of the evidence that the reduction is justified. *See United States v. Williams,* 940 F.2d 176, 181 (6th Cir.1991). A defendant who pleads guilty is not entitled to a reduction as a matter of right. *See United States v. Mahaffey,* 53 F.3d 128, 134 (6th Cir.1995).

In this case, the district court made specific findings regarding Guthrie's failure to accept responsibility for his offense. The court stated that Guthrie contradicted himself when discussing the offense and continued to blame his actions on the bad advice of counsel. In addition, the court noted that when asked about the bankruptcy fraud charges in a state court proceeding Guthrie had stated that he did not know that he owned the property in question because he never received a deed for it. The court further noted that Guthrie had not been helpful to authorities in recovering the fruits of his offense.

In light of the foregoing facts, the district court did not commit clear error in denying Guthrie a reduction in sentence for acceptance of responsibility. Accordingly, we affirm the judgment of the district court as to this issue.

### D. Notice

■ Guthrie contends that the district court erred by failing to provide him with adequate notice of its intent to apply U.S.S.G. § 2F1.1(b)(3)(B) and the factors upon which it relied in determining the amount of loss. We disagree.

In this case, Guthrie was provided with timely disclosure of the presentence investigation report in accordance with U.S.S.G. § 6A1.2, as well as an opportunity to object to the findings contained in the presentence investigation report in accordance with U.S.S.G. § 6A1.3. Further, the district court complied with Fed.R.Crim.P. 32(c)(1) which requires courts to allow a defendant to object to the findings in the presentence investigation report and to make independent findings regarding defendant's objections. Guthrie argues that because the presentence investigation report did not refer to the sentencing enhancement pursuant to § 2F1.1(b)(3)(B) or set forth all the factors that the district court relied upon in determining the amount of loss, he did not receive adequate notice of the

district court's intentions and was "sentenced by ambush." Guthrie relies on the Supreme Court's decision in *Burns v. United States,* 501 U.S. 129, 138, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), for the proposition that he was entitled to notice by the district court. Guthrie's reliance is misplaced.

■ According to *Burns,* a district court must give parties reasonable notice before it departs upward from the Sentencing Guidelines on a ground not identified in the presentence investigation report. *See* 501 U.S. at 138, 111 S.Ct. 2182. Thus, *Burns* requires that notice be given in the narrow situation of departures from the Sentencing Guidelines; *Burns* does not require notice of all possible sentencing factors. *See United States v. Patrick,* 988 F.2d 641, 646 (6th Cir.1993). A district court is always free to accept or disregard a probation officer's findings in a presentence investigation report. *See id.*

In the present case, the district court did not depart from the Sentencing Guidelines. Instead, the district court applied a sentencing enhancement not recommended by the probation officer in the presentence investigation report, and relied on an alternative basis to determine the amount of loss in the case. At the sentencing hearing, the district court announced its intention to apply the enhancement and its determination of the amount of loss, and gave the parties an opportunity to respond. We decline to extend the *Burns* notice requirement to include either a district court's application of a sentencing enhancement contained in the guideline for which a defendant is sentenced, or to a district court's alternative determination of the amount of loss. Accordingly, we find that the district court did not err by failing to provide notice to Guthrie of its intent to apply § 2F1.1(b)(3)(B) or of the factors it relied upon to determine the amount of loss.

### E. Ineffective Assistance of Counsel

■ As a general rule, ineffective assistance of counsel claims cannot be raised on direct appeal, but are properly asserted in a postconviction proceeding under 28 U.S.C. § 2255. *See United States v. August,* 984 F.2d 705, 711 (6th Cir.1992). However, when

the record is adequate to permit the court of appeals to assess the merits of an ineffectiveness claim, such a claim may be considered on direct appeal. *See id.; United States v. Daniel*, 956 F.2d 540, 543 (6th Cir.1992).

In this case, there is not an adequate record to assess Guthrie's claims of ineffective assistance of counsel. Accordingly, we will not address the merits of Guthrie's ineffective assistance claims and dismiss those claims without prejudice to Guthrie's right to raise the claims in a postconviction proceeding under 28 U.S.C. § 2255.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.