UNITED STATES of America,
Plaintiff–Appellee,

v.

Frank Anthony LOSTIA, Defendant–
Appellant.

No. 99–5119.

United States Court of Appeals,
Sixth Circuit.

Oct. 4, 2001.

502

Before KENNEDY, GUY, and BOGGS, Circuit Judges.

KENNEDY, Circuit Judge.

Appellant Frank Anthony Lostia was convicted of narcotics trafficking after a jury trial. This appeal alleges ineffective assistance of counsel based on two statements made by defense counsel during his closing argument. While we agree that counsel's statements were not as felicitous as they might have been, when read in context they do not rise to the level of ineffective assistance.

The defendant alleges that the italicized sections of counsel's closing, below, unduly prejudiced the jury against him:

*I am not arguing to you that my client is innocent of these charges. The evidence will not support such an argument.* However, the Government has a burden of proving beyond a reasonable doubt that Mr. Lostia, the defendant in this case, is indeed guilty.

.    .    .    .    .

The presumption of innocence stays with the Defendant throughout the trial, unless the Government strongly removes it, and I submit to you in this case they have not done that.

. . . .

*Again I'm not standing here arguing that my client is innocent of what he's charged with.* He may or may not be, but that is not the test. The test is whether or not the Government has proven that the Defendant knowingly possessed narcotic drugs at the time he left Texas or the time he arrived here in Tennessee.

. . . .

I would submit to you that, based upon the facts in this particular case, based upon the law Judge Echols will

give to you, that the Government has not carried the burden and that the Defendant should indeed be found not guilty.

App. at 81–86.

■ We review claims of ineffective assistance involving mixed questions of law and fact *de novo. United States v. Pierce,* 62 F.3d 818, 833 (6th Cir.1995). We prefer to hear such claims in a postconviction proceeding under 28 U.S.C. 2255, but address their merits when the record is adequate to permit us to do so. *United States v. Guthrie,* 144 F.3d 1006, 1012–13 (6th Cir.1998). Here, the claim is based exclusively on the statement of counsel; as we have the entirety of that statement, we are prepared to rule on this question. If counsel's conduct falls "below the objective standard of reasonableness" and his errors were so serious as to deprive the accused of a fair trial, *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that conduct constitutes ineffective assistance.

■ Counsel mounted a vigorous and strategic defense for a client who demanded a trial in spite of extensive evidence as to his guilt. Rather than claim innocence, which the record left him little room to do, counsel called upon the jury to impose a high burden of proof on the prosecution, which counsel argued it failed to meet. The strategy selected by counsel was the only reasonable one, as the government had substantial physical evidence, as well as a confession, pointing to the defendant's guilt. It would have been better if counsel had not closed off the possibility that a jury might believe his client innocent. But he also had to maintain his credibility with the jury.

Read in its entirety, rather than out of context as Lostia urges, the closing statement could not have led to the "breakdown of our adversarial system," *United States*

*v. Swanson,* 943 F.2d 1070, 1074 (9th Cir. 1991), nor did it hold the prosecution to a lower standard of proof. Counsel fulfilled his burden to "hold the prosecution to its heavy burden of proof beyond a reasonable doubt." *United States v. Cronic,* 466 U.S. 648, 656–57, n. 19, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Indeed, he explicitly called on the jury to do so.

The judgment of the district court is affirmed.