PER CURIAM.
The defendant, Jack Atwell, entered a Rule 11 guilty plea to two counts of bankruptcy fraud in violation of 18 U.S.C. § 152(1) and (2). The trial judge sentenced Atwell to a split sentence of 14 months, with seven months to be spent under house arrest. Restitution was also ordered in the amount of $48,750. On appeal, defendant challenges the amount of *880 loss to tbe bankruptcy estate as calculated by the court, which affected both the sentence imposed and the amount of restitution ordered. Our review of the record convinces us that the district judge properly calculated the loss with respect to the guideline calculation and the amount of restitution, and we affirm.
I.
Defendant filed for bankruptcy on October 29, 1998. Shortly thereafter, on November 12, 1998, he sold a quarter horse that he owned for $45,000. In addition to the money, defendant was to receive breeding rights for a period of three years. The sale and the proceeds of the sale were concealed from the bankruptcy trustee and creditors. At a March 5, 1999 creditors meeting, the defendant denied selling the horse or receiving any payments from a sale. Later, on August 11, 1999. Atwell admitted selling the horse, but claimed his sister was owed $15,000 from the sale proceeds due to an alleged interest the sister had in the horse.
Atwell also claimed to have paid a $10,000 brokerage fee in connection with the sale of the horse, resulting in net proceeds of $20,000. In contradiction of that, however, on September 10, 1999, defendant amended his bankruptcy schedules to reflect that he received $28,000 as the net proceeds of the sale.
At sentencing, the government produced documents showing that although the sister had an interest in the horse in 1986, the horse was subsequently sold by the defendant and then later reacquired in 1994. It was the government’s position that the 1986 sale extinguished any interest the sister had in the horse. The trial judge computed the amount involved from the sale at $45,000 and also valued the breeding rights at $3,750.[1] This resulted in a total loss calculation for sentencing purposes and restitution of $48,750.
II.
In this appeal defendant is challenging the factual finding made by the district judge as to the amount of loss. Under such circumstances, we review only for clear error. United States v. Comer, 93 F.3d 1271, 1284 (6th Cir.1996). The defendant has provided us with no documentation or information from which we could conclude that the district judge erred in concluding that the defendant’s sister had no secured interest in the horse on the date of sale. Therefore we affirm this finding. As to the brokerage fees, there is no showing that if the asset had been declared at the time of filing the bankruptcy, the trustee would have incurred such fees in selling the horse. Again we conclude the district judge did not err in deciding not to discount this amount.
Finally, as to the value of the breeding fees, although it is true the horse died six months after the sale, since the amount of loss is based on what was intended at the time of the offense, we cannot say the court erred in computing this loss at $3,750.[2] See United States v. DeSantis, 237 F.3d 607, 613 (6th Cir.2001).
AFFIRMED.

. The government introduced a letter from defendant’s bankruptcy attorney indicating that the defendant believed the breeding rights should be valued at $1,250 per year for the three years. This was the foundation for the conclusion reached by the trial judge that the value of the breeding rights was $3,750.

. "Loss” is defined as the actual or intended loss, whichever is greater. United States v. Guthrie, 144 F.3d 1006, 1010 (6th Cir.1998).