NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0123n.06
Filed: November 23, 2004

Case No. 03-5110

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| DOUGLAS BLOCHER, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, BATCHELDER, and COLE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Douglas Blocher appeals from his conviction and sentence for knowingly attempting to possess with intent to distribute approximately 200 pounds of marijuana in violation of 21 U.S.C. § 846. In March 2002, Blocher was charged with attempting to possess with intent to distribute the marijuana. Prior to trial, the district court held an evidentiary hearing on Blocher's motion to dismiss the indictment based on his allegation that the government had agreed to forego prosecution if he cooperated with law enforcement. The district court denied the motion, and Blocher subsequently entered a conditional guilty plea. The district court thereafter sentenced Blocher to 120 months imprisonment.

On appeal, Blocher argues that: (1) the United States breached an agreement to forego prosecution in exchange for cooperation with law enforcement; (2) the district court improperly

denied him a sentencing reduction for acceptance of responsibility; (3) the district court improperly enhanced his offense level for obstruction of justice; and (4) the district court imposed an excessive fine. For the reasons set forth below, we will AFFIRM the district court.

We review a district court's "factual determination regarding the content of an agreement not to prosecute" for clear error. *United States v. Butler*, 297 F.3d 505, 512 (6th Cir. 2002), *cert. denied*, 123 S. Ct. 2074 (2003). During the evidentiary hearing on Blocher's motion to dismiss the indictment, Blocher testified that Agent Brett Price had agreed that Blocher would not be prosecuted if he cooperated with the government. The district court concluded that this testimony was not credible. The district court also discredited Blocher's testimony that he was "afraid" during his interactions with law enforcement, as well as his assertion that he signed numerous documents without reading them or having the documents explained to him. By contrast, the district court found that Agent Price's testimony was credible. Agent Price denied Blocher's version of the alleged "agreement," and testified that the only agreement between the parties was that Blocher's cooperation would be made known to the United States Attorney.

Blocher has not established that the district court erred when it concluded that there was no agreement to forego prosecution. The district court has the unique ability to weigh the witness' credibility at trial, and we are required to show great deference to the trial court's determinations regarding the credibility of witnesses. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985); Fed. R. Civ. Pro. 52(a) ("Findings of fact [] shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."). When a district court's finding is based on the decision to credit the testimony of a witness, who has told a coherent and plausible story that is internally consistent and

2

not contradicted by extrinsic evidence, that finding can virtually never be clear error. *Anderson*, 470 U.S. at 575. Agent Price's testimony that the "agreement" was merely to advise the United States Attorney of Blocher's cooperation was coherent and plausible, and was not contradicted by any extrinsic evidence. The record reflects that Agent Price did in fact discuss Blocher with the prosecutor, and Blocher has not established that Agent Price failed to inform the prosecutor of his level of cooperation.

We also conclude that the district court properly denied Blocher a sentencing reduction for acceptance of responsibility. Section 3E1.1 of the Sentencing Guidelines provides for a two or three level reduction in a defendant's offense level if the defendant clearly demonstrates an affirmative acceptance of personal responsibility for his criminal conduct. *See* U.S.S.G. § 3E1.1. It is Blocher's burden to demonstrate by a preponderance of the evidence that he is entitled to a reduction for acceptance of responsibility. *See United States v. Guthrie*, 144 F.3d 1006, 1012 (6th Cir. 1998). The mere fact that Blocher pleaded guilty does not, however, automatically entitle him to the reduction. *See id.* A district court may consider many factors to determine if such a reduction is warranted, including whether the defendant has voluntarily ceased his criminal conduct. *See United States v. Childers*, 86 F.3d 562, 563-64 (6th Cir. 1996). This court has held that the "voluntary termination or withdrawal" factor means that criminal conduct that continues following an acceptance of responsibility, especially when the conduct is of the same type as or related to the underlying offense, is a significant consideration that will, in almost every instance, make a downward adjustment inappropriate. *See id.*

Blocher has not met his burden of establishing that he is entitled to a reduction for acceptance of responsibility. Blocher tested positive for marijuana use while awaiting sentencing,

3

which constitutes continued criminal conduct related to the underlying offense. Blocher also refused to cooperate with the probation officer by providing financial information required to determine Blocher's ability to pay the fine imposed by the court. His failure to cooperate further supports the denial of an adjustment for acceptance of responsibility. *See* U.S.S.G. § 3C1.1 cmt. n.5.

The district court properly enhanced Blocher's offense level for obstruction of justice. "A deferential standard of review is appropriate in reviewing applications of § 3C1.1," *United States v. Jackson-Randolph*, 282 F.3d 369, 389 (6th Cir. 2002), and we review a district court's decision regarding a fact-bound application of the Guidelines only for clear error. *Id.* at 390. One means of obstructing justice is "providing materially false information to a judge or magistrate." U.S.S.G. § 3C1.1, cmt. n.4(f). Materially false information includes "information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, cmt. n. 6. Although the district court must specify which statements were perjurious, *see United States v. Nash*, 175 F.3d 429, 438 (6th Cir. 1999), the court need not "recite the perjury line by line, so long as its findings encompass the factual predicates necessary for a finding of perjury." *United States v. Sassanelli*, 118 F.3d 495, 501 (6th Cir. 1997).

The district court determined that Blocher perjured himself when he testified that he was afraid during his interactions with the investigating agents and that he therefore did not read any of the documents presented to him prior to signing them. The court also concluded that Blocher perjured himself when he testified that the United States had agreed to forego prosecution if he cooperated. Blocher also testified that he was "inadvertently" working for law enforcement, i.e., he was buying drugs in order to set up future purchases, so that he could alert the police of these future transactions and thereby allow them to arrest the traffickers. The district court specifically

4

determined that these false statements were given in an effort to convince the court to dismiss an indictment that should not have been dismissed. Blocher's testimony qualifies as "providing materially false information" under U.S.G.G. § 3C1.1. The district court did not err when it applied the enhancement for obstruction of justice.

Finally, we conclude that the district court did not err when it imposed a $12,500 fine in this case. We review for clear error a district court's determination of a defendant's ability to pay a fine. *United States v. Hickey*, 917 F.2d 901, 906 (6th Cir. 1990). The burden is on the defendant to show an inability to pay. *Id.* at 907. Because Blocher failed to provide the required financial information, the district court was unable to determine that he could not pay the fine, and the court imposed the minimum fine required by the Guidelines. The district court's decision not to waive the fine is discretionary, *see* U.S.S.G. § 5E1.2 (stating that "the court *may* impose a lesser fine or waive the fine") (emphasis added), and the court stated that if it could have waived the fine it would not have done so. The fine was not excessive because Blocher failed to establish that he was unable to pay the fine and because the fine was at the low end of the range required by the Guidelines.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

5