MEMORANDUM *
Appellant Bruce Minter appeals his conviction and sentence for bankruptcy fraud and appeals the district court’s imposition of restitution. These convictions stem from a bankruptcy proceeding filed in late 1997 and Minter’s fraudulent business dealings with various parties around this time. We have jurisdiction pursuant to 28 U.S.C. § 1291. In this disposition, we will address the sufficiency of evidence issues and the denial of a new trial. We defer Minter’s challenges to his sentence and restitution order pending completion of supplemental briefing on Blakely v. Washington, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We affirm with respect to the sufficiency of the evidence and denial of new trial.
I. Sufficiency of Evidence as to Counts Eight and Nine
Title 18 U.S.C. § 152(1) proscribes “knowingly and fraudulently concealing] from a custodian, trustee, ... or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor.” The debtor’s estate includes assets held at the time of the petition, as well as those acquired post-petition. See 11 U.S.C. §§ 541, 1306. On appeal, Minter asserts there is insufficient evidence that he omitted certain assets involved in count eight “willfully” or “fraudulently.”
We disagree. To demonstrate concealment, it is sufficient to show that “one withholds knowledge of assets about which the trustee should be told.” United States v. Weinstein, 834 F.2d 1454, 1462 (9th Cir.1987). As Minter concedes, his bankruptcy attorney testified that he reviews with all clients what assets and liabilities must be disclosed and gives them forms that further explain this. Ample evidence was adduced at trial that demonstrated that Minter disregarded this advice and continued to transact business with the omitted assets, including conveying the airplane and exercising his stock options. This is sufficient to demonstrate Minter’s interest in these assets and his awareness of his duty to disclose them. Id.
Count nine of the indictment alleged that Minter fraudulently and intentionally omitted two debts from his bankruptcy estate in violation of 18 U.S.C. § 152(3). As to this count, there was ample evidence for a reasonable juror to conclude that Minter intentionally and fraudulently omitted from his bankruptcy petition the debt owed to a German woman with whom he was engaged in an extramarital affair and debts incurred in the purchase of Pegasus Air. First, it is undisputed that Minter knowingly incurred these obligations prior to December 3, 1997, the date he filed this bankruptcy. It is equally undisputed that Minter did not report these debts on his schedule of liabilities. Finally, as with count eight, Minter’s intent to conceal was established by his bankruptcy attorney’s testimony that, at the outset of the bankruptcy, he advised Minter of his obligation to disclose all disputed and undisputed debts, and that when he later inquired into these debts, Minter continued to deny their existence.
II. Denial of Motion for New Trial
Minter next contends that the trial court erred in denying his motion for a new trial based upon admission of prejudicial and *143 irrelevant evidence admitted as to count seven. Count seven alleged that Minter committed wire fraud on Neal Fort when he fraudulently induced her to invest $150,000 in a pig effluent venture. In presenting its case as to count seven, the government introduced testimony from Fort and others. Fort testified to the truthfulness of all of the acts alleged in count seven of the indictment. Other witnesses, including the appraiser of the airplane and Minter’s business partner in the effluent project, corroborated Fort. The government also introduced documents relating to the transfer of funds from Fort’s bank account in Washington to a bank account in Houston. At the close of the government’s case, the court dismissed count seven for lack of venue. The court advised the jury to not consider the documentary evidence pertaining to the transfer but that they could consider the other evidence as it related to the other charges.
The district court did not abuse its discretion in denying Minter’s motion. The bulk of the evidence that came in through count seven was evidence of concealed assets and Minter’s intent to keep these assets out of the bankruptcy court’s knowledge, and thus both were directly related to the fraud charges. Further, Minter cannot show prejudice, even if some of the other admitted evidence was not relevant, because there was sufficient, other relevant evidence presented at trial to allow the jury to convict Minter. United States v. Escalante, 637 F.2d 1197, 1202-03 (9th Cir.1980). Additionally, the jury’s decision to acquit Minter of receipt of stolen funds and two counts of perjury demonstrates that they thoroughly considered the evidence and were not improperly influenced by the evidence admitted as to count seven. See United States v. de Cruz, 82 F.3d 856, 861 (9th Cir.1996).
AFFIRMED as to Minter’s sufficiency of the evidence claims and denial of a new trial.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.