MEMORANDUM *
Bruce E. Minter appeals his sentence for bankruptcy fraud, including the district court’s imposition of restitution. We previously disposed of other issues Minter raised on appeal in a memorandum and withdrew submission. In an Order filed concurrently herewith, we resubmit this case. In this memorandum, we address Minter’s challenge to his sentence. We continue to defer decision on Minter’s challenge to his restitution order.
Because the parties are familiar with the facts, we reference them only as necessary for our decision. Minter was sentenced to 30 months’ imprisonment, near the midpoint of the 27-33 month range the district court found applicable under the U.S. Sentencing Guidelines. In response to our Order for supplemental briefing, he challenges, under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the imposition of three sentencing enhancements — an argument he preserved below by raising a challenge under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to the district court’s use of judge-found facts at his sentencing hearing. Evaluating his arguments in light of United States v. Booker, — U.S. -, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we vacate Minter’s sentence and remand for resentencing.

1. Amount of Loss: USSG § 2Fl.l(b)(l)

In view of the jury instructions, which required jury unanimity only as to one concealed asset (for count eight) and one omitted debt (for count nine), it cannot be said that the district court’s total loss calculation is supported by facts found by the jury beyond a reasonable doubt. It follows from. these convictions, however, using, the lowest values alleged for each count, that the jury found that Minter concealed at least $3000 in assets (the undervalued auto parts) and omitted at least $76,569.68 in liabilities (his debt to Urbahn).
Because Minter’s debts were never discharged, and thus his actions caused no actual loss, the district court appropriately substituted intended loss in its loss calculations. United States v. McCormac, 309 F.3d 623, 627 (9th Cir. 2002); United States Sentencing Commission, Guidelines Manual, § 2F1.1, cmt. n. 8 (Nov.1988). However, Minter’s intent to cause loss is a factual question that was not submitted to the jury. Although the jury verdict supports a finding that Minter intended to conceal an asset and omit a debt, this intent is not equivalent to the intent to cause loss; rather, it is a judge-made factual determination that does not necessarily follow from the jury verdict.

2. More Than Minimal Planning: USSG § 2F1.1(b)(2)

The question of whether or not Minter engaged in “more than minimal planning” is likewise a factual one that does not necessarily follow from the jury verdict. See United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990).

3. Violation of Judicial Process: USSG § 2Fl.l(b)(lp)

Because the jury clearly found that Minter made knowing and fraudulent mis *973 representations in connection with his bankruptcy proceedings, and because schedules filed as part of bankruptcy proceedings constitute judicial process as a matter of law, the USSG § 2Fl.l(b)(4) enhancement does not run afoul of Booker. See United States v. Kubick, 205 F.3d 1117, 1120 (9th Cir.1999); United States v. Welch, 103 F.3d 906, 908 (9th Cir.1996) (per curiam).

4- Conclusion

The district court’s findings of “intended loss” and “more than minimal planning” do not necessarily follow from the jury verdict. Because these judge-found facts were necessary to support a sentence that exceeded the maximum authorized by the jury verdict, we vacate Minter’s sentence of imprisonment and remand for resentencing. See Booker, 125 S.Ct. at 757, 769.
SENTENCE OF IMPRISONMENT VACATED AND REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3. ■