**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Bruce Edward MINTER, Defendant—Appellant.**

No. 03–30042.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2003.

Submission Withdrawn Aug. 11, 2004.

Resubmitted June 29, 2005.

Decided Aug. 15, 2005.

124

Celeste K. Miller, Esq., Wendy Olson, Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

David Z. Nevin, Esq., Dennis A. Benjamin, Esq., Nevin Benjamin & McKay, LLP, Boise, ID, for Defendant–Appellant.

Before: BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

## SECOND SUPPLEMENTAL MEMORANDUM *

Bruce Edward Minter appeals the district court's imposition of restitution in connection with his convictions for bankruptcy fraud. In previous memoranda, we affirmed Minter's conviction, *United States v. Minter*, 109 Fed. Appx. 141 (9th Cir. 2004), and vacated his sentence of incarceration, 136 Fed.Appx. 970 (9th Cir.2005). The restitution order is the only remaining issue on appeal. Because the parties are familiar with the facts, we refer to them only as necessary for our decision.

### 1. Statutory Authority

That the district court had the statutory authority to award restitution is not in doubt. Though it did not indicate the basis for its award, it plainly had the discretionary authority under the Victim and Witness Protection Act of 1982 ("VWPA"),

18 U.S.C. §§ 3663–3664, given Minter's conviction of an offense under Title 18, to "order, in addition to ... any other penalty authorized by law, that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate." 18 U.S.C. § 3663(a)(1)(A); *United States v. Reed*, 80 F.3d 1419, 1421 (9th Cir.1996).

■ Minter was convicted of one count of concealing assets and one count of making false declarations in a bankruptcy proceeding, neither of which alleged as an element "a scheme, conspiracy, or pattern of criminal activity." 18 U.S.C. § 3663(a)(2); *see* 18 U.S.C. § 152(1), (3). Therefore, the only victims eligible for restitution were those "directly and proximately harmed" by the offenses of conviction. 18 U.S.C. § 3663(a)(2); *see Reed*, 80 F.3d at 1423.

### 2. Actual Versus Intended Loss

The harm, for purposes of restitution under the VWPA, is "limited by the victim's actual losses." *United States v. Cloud*, 872 F.2d 846, 855 (9th Cir.1989). Further, an award of restitution is authorized " 'only for the loss caused by the specific conduct that is the basis of the offense of conviction.' " *Reed*, 80 F.3d at 1422 (quoting *Hughey v. United States*, 495 U.S. 411, 413, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990)). Thus, Urbahn and Wells are eligible for restitution only if Minter, by virtue of concealing assets or omitting debts, "directly and proximately" caused them "actual" losses.

In determining the amount of loss for restitution purposes, the district court essentially reiterated the amounts it previously attributed to Minter for sentencing purposes. In that earlier analysis, howev-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

er, the district court initially found that "because no discharge of [Minter's] debts ever occurred, no actual loss resulted from the omission of these assets." Though it made no such explicit finding with respect to omission of debts, it based its loss calculations (from both concealed assets and omitted debts) on intended loss, rather than actual loss, as instructed by U.S. Sentencing Guidelines commentary. Evaluating these omissions as "relevant conduct" under the Guidelines, it then found "by clear and convincing evidence that the losses to Ms. Urbahn and the Wells[es] qualify as relevant conduct ... and that the intent to cause such losses has been proven."

 While this amount-of-loss analysis may have been appropriate for sentencing purposes, it was error to apply the same analysis in calculating restitution. We have previously recognized that

> "[r]estitution determinations under the VWPA are quite different from sentencing determinations under the Sentencing Guidelines. Under the Guidelines, district courts may take account of 'relevant conduct' beyond the specific acts underlying the offense of conviction. Under the VWPA, by contrast, a district court may not order restitution for any loss beyond that caused by the offense of which the defendant was convicted."

*Reed,* 80 F.3d at 1422 (quoting *United States v. Baker,* 25 F.3d 1452, 1456–57 (9th Cir.1994), *superseded by statute on other grounds as stated in United States v. Lawrence,* 189 F.3d 838, 846 (9th Cir. 1999)). The district court thus erred in two respects. First, restitution under the VWPA is limited to actual losses; intended losses, while a permissible substitute for sentencing purposes, are not a proper measure of loss in the restitution context. *See id.; Cloud,* 872 F.2d at 855. Second, restitution is limited to losses flowing from conduct that constitutes an element of the offense; losses that are related to, but not caused by, the offense of conviction are likewise irrelevant for restitution purposes. *See Reed,* 80 F.3d at 1422. Thus, the district court has abused its discretion, and the restitution award must be recalculated.

### 3. Calculation of Actual Loss

Our next step, then, is to determine actual loss. In that regard, we find instructive the Third Circuit's analysis in *United States v. Feldman,* 338 F.3d 212 (3d Cir.2003), which likewise addressed the calculation of restitution in cases of bankruptcy fraud. In *United States v. Bussell,* we recently applied *Feldman* in an analogous context, and remanded for the district court to recalculate restitution by comparing "what actually happened with what would have happened if [the bankruptcy petitioner] had acted lawfully." 414 F.3d 1048, 1061 (9th Cir.2005) (quoting *Feldman,* 338 F.3d at 220–21). In other words, in *Bussell* we relied on *Feldman* to hold that, in cases of bankruptcy fraud, the proper measure of actual loss to creditors is the difference between what the creditors actually received, and what the creditors would have received had the bankruptcy debtor acted lawfully in disclosing his assets and liabilities.

Accordingly, we vacate the restitution award, and remand for the district court to determine the actual loss, if any, that was directly and proximately caused by Minter's offenses of conviction. We note, however, that in applying this test here, the district court will face a wrinkle not confronted in *Feldman.* There, the bankruptcy was ultimately discharged, and the creditors received a calculable fraction of their claims; here, it was dismissed before discharge, and Urbahn and Wells received nothing through the bankruptcy process. In such a case, how to determine "what

might have been" is not obvious, and this of course complicates the calculation, under *Feldman* and *Bussell*, of what Urbahn and Wells would have received had Minter lawfully disclosed his assets and liabilities. In our view, the district court is best positioned to consider this unique circumstance, in the first instance, on remand. *See Feldman*, 338 F.3d at 221.

**RESTITUTION ORDER VACATED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.